CRIER v. INNES et al.

(Circuit Court of Appeals, Second Circuit. March 16, 1909.)

No. 69.

1. PATENTS (§ 327*)—SUITS FOR INFRINGEMENT—EFFECT OF PRIOR DECISION.

As a general rule, which may be subject to exception in particular cases, when a patent after full hearing has been declared valid by a Circuit Court and its decree has been affirmed by the Circuit Court of Appeals, such decision will be followed by the latter court in a subsequent case involving the same patent, and not presenting any essentially different evidence, even though the claim of invalidity was not urged on such court on the prior appeal.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 622; Dec. Dig. § 327.*

Effect of previous adjudication on Circuit Court of Appeals, see notes to National Cash Register Co. v. American Cash Register Co., 3 C. C. A. 565; Thomson-Houston Electric Co. v. Hoosick Ry. Co., 27 C. C. A. 427; United States Freehold L. & Em. Co. v. Gallegos, 32 C. C. A. 475.]

2. PATENTS (§ 28*)—DESIGNS FOR "MANUFACTURE"—MONUMENT.

A sarcophagus monument is a "manufacture" within the meaning of Rev. St. § 4929 (U. S. Comp. St. 1901, p. 3398), and a proper subject for a design patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 33; Dec. Dig. § 28.*

For other definitions, see Words and Phrases, vol. 5, pp. 4344–4346; vol. 8, p. 7716.]

3. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DESIGN FOR MONUMENT.

The Young design patent, No. 27,115, for a design for a sarcophagus monument, discloses novelty and invention, and is valid; also *held* infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

4. PATENTS (§ 317*)—SUITS FOR INFRINGEMENT—PERMANENT INJUNCTION.

The fact that a defendant has ceased to infringe, and has promised not to infringe in the future, does not necessarily prevent the granting of an injunction against him; but, as an injunction is only granted to prevent threatened injury, it should not issue if it is clear that no further infringement is to be anticipated.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 561; Dec. Dig. § 317.*]

5. PATENTS (§ 224*)—SUITS FOR INFRINGEMENT—PENALTY FOR INFRINGEMENT OF DESIGN PATENT.

To entitle the owner of a design patent to recover the statutory penalty for its infringement provided by Act Feb. 4, 1887, c. 105, 24 Stat. 387, Supp. Rev. St. 533 (U. S. Comp. St. 1901, p. 3398), he must have duly marked the patented articles made or sold by him, where there is no proof of infringement by defendant after notice.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 354, 355; Dec. Dig. § 224.*]

6. PATENTS (§ 325*)—SUIT FOR INFRINGEMENT—COSTS.

Where the complainant in a suit for infringement established the validity of his patent and its infringement, but, owing to the peculiar circumstances of the case, was not entitled to any of the relief prayed for, the costs may be divided as deemed equitable by the court.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 607, 609, 610; Dec. Dig. § 325.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the District of Vermont.

For opinion below, see 160 Fed. 103.

Frank C. Curtis, for appellant.

John W. Gordon (Richard A. Hoar and Streeter & Hollis, of counsel), for appellees.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. This is a suit in equity charging the infringement of design patent No. 27,115 issued May 25, 1897, to William H. Young for a design for a sarcophagus monument, and claiming an injunction and damages. Assuming that the patent is valid, infringement is obvious. Consequently the question of validity is the one of primary importance.

The defendants first contend that the patent is invalid for want of invention. But, in considering this contention, we are met at the outset with a decree of the Circuit Court for the Northern District of New York holding in a contested case where the same claim was made, and much evidence of the prior art presented, that this identical patent was valid. Young v. Daley (decree filed February 25, 1902). Upon appeal the decree was affirmed by this court (120 Fed. 1023, 56 C. C. A. 686), although it appears that the particular errors assigned by the appellant related to other points than the validity of the patent. This decree, being between other parties, does not constitute res adjudicata. We are not constrained to follow it upon any principle of stare decisis. Still we think an orderly administration of justice in patent causes requires, as a general rule (to which this case does not constitute an exception), that when a patent, after full hearing, has been declared by the Circuit Court to be valid and such decree has been affirmed by this court, we should follow the decision in a subsequent case involving the validity of the same patent, and not presenting any essentially different evidence, notwithstanding the claim of invalidity was not urged upon this court upon the prior appeal.

The defendants, however, insist that the testimony presented in this case is essentially different from that appearing in the earlier case. It is true that the witnesses are different, and that many new drawings are shown in this record. But, after a comparison of the exhibits in the two cases, we cannot say that the conclusions to be drawn with respect to them are materially different. In neither case was precise anticipation shown. In both cases drawings were produced containing parts similar to parts of the patented design, and it was claimed that the association of such parts in such design called for mere mechanical skill, and not invention. The scope of the former inquiry seems to have been substantially the same as that of the present, and the drawings of several of the patents shown therein are quite as like the design of the patent as any of the drawings here.

We, therefore, think that we should follow the decision in the prior case, and hold that the patent possesses patentable novelty. And it is also proper to say that, considering this case without regard to the

other, we think it distinctly the better view that the patentee, while availing himself of parts old in the art, so united them in his design as to produce a completed whole having a new and pleasing effect distinct from the effect of the separate parts—that he obtained a new result, and consequently a valid patent.

It is next contended that the patent is invalid because it relates to a monument which is not "a manufacture" within the meaning of the design patent statute. Rev. St. § 4929 (U. S. Comp. St. 1901, p. 3398). We think this contention not well founded. A monument is manufactured, and in our opinion is a "manufacture," and not—as urged by the defendants—a species of architecture. It comes within the dictionary definition of the former term, and, if we go beyond that and look at trade usage, we find in the present record the defendants' own witnesses describing themselves as monument "manufacturers" and speaking of "manufacturing" monuments. For these reasons we hold the patent valid and infringed. The remaining questions relate to the relief to be granted.

The complainant claims to recover by way of damages the statutory penalty of $250 for each infringing monument. Act Feb. 4, 1887, c. 105, 24 Stat. 387, Supp. Rev. St. 533 (U. S. Comp. St. 1901, p. 3398). In order to so recover, however, it is incumbent upon the complainant to show—there being no proof of infringement after actual notice— that the patentee duly marked the patented articles (the monuments) which he sold. Rev. St. § 4900 (U. S. Comp. St. 1901, p. 3388). This obligation the complainant in our opinion has failed to fulfill. The testimony is unpersuasive that all the monuments sold by Young, the patentee, were marked. Indeed, the evidence with respect to several—the Coon monument, for example—is convincing that they were not marked. The complainant has failed to establish a case in which damages can be recovered.

The final question is whether an injunction should be granted. The fact that a defendant has ceased to infringe and promised not to infringe in the future does not necessarily prevent an injunction issuing against him. Indeed, under such conditions, an injunction would ordinarily issue. But still an injunction is only granted to prevent threatened injury. If it is clear that no injury is threatened, it should not issue.

The infringing monuments were made by the firm of Innes & Cruikshank. Cruikshank died before the commencement of the suit, and the defendant Marr is his administrator. An injunction cannot run against the former, nor against the latter as administrator on account of his intestate's infringing act. The administrator threatens no wrong. Innes, the other partner, gave up the business of manufacturing monuments upon the death of Cruikshank, has not engaged in it since, was not engaged in it at the commencement of the suit, and manufactured no infringing monuments after he was informed that the design was patented. There is nothing to indicate any intention upon his part to re-engage in business, and it is altogether improbable that, if he did, he would use this particular patented design. Under all the circumstances, it seems to us clear that Innes is neither threatening nor contemplating infringement. We cannot see that an injunction against

him would accomplish anything, is necessary for the protection of the complainant's rights, or would serve any useful purpose. And, if the complainant is neither entitled to damages nor to an injunction, the bill should be dismissed, and the decree of the Circuit Court to that extent affirmed.

The only question remaining relates to costs. The complainant has established that he has a valid patent which has been infringed. On account of the unusual circumstances of the case, he is not entitled to any of the relief prayed for. We think it equitable that he should have one-half costs in this court, and that neither party should recover in the Circuit Court.

The decree of the Circuit Court is modified by striking out the provisions with respect to costs, and, as so modified, is affirmed, with one-half the costs of this court to the appellant.