## AMERICAN DISAPPEARING BED CO. v. ARNAELSTEEN.

(Circuit Court of Appeals, Ninth Circuit. October 3, 1910.)

No. 1,827.

1. PATENTS (§ 271*)—ACTION FOR INFRINGEMENT—ISSUES—DEMURRER.

The question whether or not the subject-matter of a patent is within one of the classes of things which are patentable under the statute is purely one of law, and may be determined on demurrer in an action for its infringement.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 271.*]

2. PATENTS (§ 13*) — SUBJECTS OF PATENTS — "MANUFACTURE" — ROOM IN HOUSE.

A house, or a room in a house, is not a "manufacture," within the meaning of Rev. St. § 4886 (U. S. Comp. St. 1901, p. 3382), which authorizes the granting of patents for "any new and useful art, machine, manufacture, or composition of matter," and a particular form of construction of a room, or portion of a room, in a house, is not patentable.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 11, 12; Dec. Dig. § 13.*

For other definitions, see Words and Phrases, vol. 5, pp. 4344–4346; vol. 8, p. 7716.]

3. PATENTS (§ 328*)—VALIDITY—APARTMENT HOUSE WITH DISAPPEARING BED.

The Holmes patent, No. 839,996, for an apartment house with disappearing bed, is void, because the subject-matter is not within the patent law.

In Error to the Circuit Court of the United States for the Southern Division of the Southern District of California.

Action by the American Disappearing Bed Company against Edward Arnaelsteen. Judgment for defendant, and plaintiff brings error. Affirmed.

Frederick S. Lyon, for plaintiff in error.
W. D. McConnell, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The court below sustained a demurrer to a complaint in an action at law brought by the plaintiff in error against the defendant in error to recover damages for the infringement of letters patent No. 839,996, granted to Lawrence Holmes on January 1, 1907, for "apartment house with disappearing bed." There are 13 claims in the patent; but, when analyzed, the essential features of the invention are the construction of adjacent rooms in an apartment house in such a way that in one of the rooms, by the use of a double floor, a recess is created, into which a bed from the adjoining room may be stowed when not in use, thereby closing the opening between the rooms in such a way as to leave no suggestion of a bed. The demurrer to the complaint was sustained, on the ground that the invention was not within any of the classes of those which are made patentable by law. Patents may be obtained for any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvement

thereof, or any new, original, and ornamental design for any article of manufacture. Aside from these specific classes of patentable inventions, no invention or improvement is patentable, however useful and novel it may be. Jacobs v. Baker, 7 Wall. 295, 19 L. Ed. 200; Fond du Lac County v. May, 137 U. S. 395, 11 Sup. Ct. 98, 34 L. Ed. 714; Milligan, etc., Glue Co. v. Upton, 17 Fed. Cas. 384 (No. 9,607).

It is claimed that the invention in the present case comes within the term "manufacture," when that term is given the liberal construction which accords with the genius and purpose of the patent laws. But it clearly would be an undue expansion of the word "manufacture" to hold that it includes the construction of a house, or of any room or recess in a house. As used in the patent laws, manufactures comprise articles or implements made by human agency from raw or prepared materials. It would be a gross misuse of the word to say that a house, or a room in a house, is manufactured. While many devices and many novel combinations of materials used in the construction of houses are within the protection of the patent laws, it has never been held, so far as we are advised, that any particular form of construction of a room in a house, or of a recess in a room, is patentable, whether considered by itself or taken in combination with any conceivable use to which it may be put. So far as the decisions have gone, it has been to hold the reverse of this. In Jacobs v. Baker Mr. Justice Grier was of the opinion that a jail cannot be considered a machine or a manufacture or a composition of matter within the meaning of the patent act; and in Fond du Lac County v. May, 137 U. S. 395, 11 Sup. Ct. 98, 34 L. Ed. 714, the court, in referring to Jacobs v. Baker, said:

"This court held that an improvement in the construction of a jail did not come under the denomination of a machine or a manufacture, or a composition of matter, and that it was doubtful whether it could be classed as an art."

The plaintiff in error cites Crier v. Innes, 170 Fed. 324, 95 C. C. A. 508, as authority for the construction which he contends for. In that case the patent was for a sarcophagus monument, constructed of four parts. Answering the contention that the patent was invalid, because it related to a monument, which was not a "manufacture" within the meaning of the patent law, the court said:

"We think this contention is not well founded. A monument is manufactured, and in our opinion is a 'manufacture,' and not—as urged by the defendants—a species of architecture. It comes within the dictionary definition of the former term, and if we go beyond that, and look at trade usage, we find in the present record the defendants' own witnesses describing themselves as monument 'manufacturers,' and speaking of 'manufacturing' monuments."

That decision, so far from being authority for the contention of the plaintiff in error here, is rather to be reckoned against it; the intimation of the court clearly being that, if the structure had come within the definition of architecture, it would not have been patentable.

It is contended that the plaintiff in error should have been allowed the benefit of the presumption which arises from the issuance of a patent, and that he should have been permitted to adduce proof which, if brought into the case, might have altered the conviction of the court

that the invention was not patentable.· It is true that, in a case where there is doubt whether the patent involves invention or utility, the power of the court to pass upon its validity in advance of proofs which might be adduced to sustain it should be exercised with·caution. But, as Mr. Justice Brown said in Richards v. Chase Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991:

"While patent cases are usually disposed of upon bill, answer, and proof, there is no objection, if the patent be manifestly invalid upon its face, to the point being raised on demurrer, and the case being determined upon issues so formed. We have repeatedly held that a patent may be declared invalid for want of novelty, though no such defense be set up in the answer."

This was said in a case in which the patent was held void for want of novelty and invention. What was said is applicable with greater force in a case in which the pure question of law is presented whether the invention is or is not within the class of those which the law makes patentable.‵ In such a case no light can come from testimony, and the court would be derelict in its duty if it deferred decision and compelled the parties to resort to the expense and incur the delay of adducing testimony which would in no way aid in elucidating the legal question presented.

The judgment is affirmed.

NOTE.—The following is the opinion of Wellborn, District Judge, in the court below:

WELLBORN, District Judge. The patent contains 13 claims. Each of them, except the eighth, ninth, twelfth, and thirteenth, is for a building; the eighth is for an apartment house, as is also the thirteenth; the ninth is for an apartment, and the twelfth for a room. Said claims describe with particularity the structures they respectively cover. Defendant assails the patent on two grounds: First, that neither a building, nor an apartment, nor a room, is patentable; second, that the alleged invention lacks novelty. Plaintiff contends, on the other hand, that said patent is for an article of manufacture, which is both new and useful.

Patentability, except as below indicated, is limited by statute to the following subjects: "Any new and useful art, machine, manufacture or composition of matter," etc. 3 U. S. Comp. St. 1901, § 4886. A patent may be obtained, however, under specified conditions, on a design for "a manufacture, bust, alto-relievo, or bas-relief," etc. U. S. Comp. St. 1901, § 4929.

Webster defines "manufacture" thus: "1. The operation of making wares of any kind; the process of reducing raw materials to a form suitable for use, by the hands, by art, or machinery. 2. Anything made from raw materials by the hand, by machinery, or by art, as cloths, iron utensils, shoes, cabinet·work, saddlery, and the like.". These definitions as illustrated by the examples given, obviously do not include a building.

The Century Dictionary defines the same term as follows: "1. The operation of making goods or wares of any kind; the production of articles for use from raw or prepared materials by giving to these materials new forms, qualities, properties, or combinations, whether by hand labor or by machinery; .used more especially of production in a large way by machinery, or by many hands working co-operatively. 2. Anything made for use from.raw or prepared materials; collectively, .manufactured articles; figuratively, anything·formed or produced; a contrivance. 3. † A place or building in which manufacturing operations are carried·on; a factory." The † after the figure 3 indicates, that· the meaning there given, is obsolete; but the definition clearly·implies that the word "manufacture" was never used to designate any building.except one.in which manufacturing operations were carried on, and that ·such a building was defined·as·a manufacture, not because of· its con-

struction, but solely on account of the character of the business to which it was appropriated. This third definition also shows that neither of the preceding ones includes a building.

The Century Dictionary gives the following, among other definitions, of the term "building": "A fabric built or constructed; a structure; an edifice; as commonly understood, a house for residence, business, or public use, or for shelter of animals or storage of goods."

By the same authority, "structure" is defined thus: "That which is built or constructed; an edifice or a building of any kind; in the widest sense, any production or piece of work artificially built up, or composed of parts joined together in some definite manner; any construction."

To call a building, or an apartment, or a room, a manufacture, would do great violence to the definitions above given, as well as to the generally, if not universally, accepted meaning of said words. A building, or an apartment, or a room, under said definitions and in common parlance, is but a species of architecture. This last term is defined in the Century Dictionary as follows: "Architecture. * * * 1. The art of building, specifically of fine or beautiful building. Architecture includes, in the widest sense, (1) the principles of design and of ornament as applied to building; (2) the science of construction, including the properties of materials and the methods of combining them; and (3) the practice of construction, including estimates of cost and the directing of builders and workmen. The practice of this art requires skill in design, which is the special province of the architect, and skill in execution, which is the special province of the workmen whom the architect employs and directs. It is the function of skill in architectural design to combine in a harmonious scheme the independent and often hostile requirements (1) of use and convenience as dictated by the conditions of the problem in hand; (2) of constructive necessity and fitness as determined either by practical experience or by scientific theory; and (3) of artistic excellence both in the proportions of the parts and in decorative treatment of details, in accordance with either the general principles and canons of good taste or the prescriptions of custom or tradition. * * * Architecture, the art of building, includes two elements, theory and practice. The former comprehends the fine-art side proper, the body of general rules inspired by taste and based on tradition, and the science, which admits of demonstration by means of invariable and absolute formulas. Practice is the application of theory to particular needs; it is practice which causes the art and the science to conform to the nature of materials, to climate, to the customs of a period, or to the necessities of the occasion."

The thing secured by plaintiff's patent is purely an architectural design or product, and cannot, without the torturing of plain and unambiguous words, be called a manufacture.

Crier v. Innes et al., 170 Fed. 324, 326, 95 C. C. A. 508, 510, does not sustain plaintiff's contention, but, on the contrary, it seems to me, is in harmony with the views which I have above expressed. The court in that case says: "It is next contended that the patent is invalid because it relates to a monument which is not 'a manufacture,' within the meaning of the design patent statute. Rev. St. § 4929 (U. S. Comp. St. 1901, p. 3398). We think this contention not well founded. A monument is manufactured, and in our opinion is a 'manufacture,' and not—as urged by the defendants—a species of architecture. It comes within the dictionary definition of the former term; and, if we go beyond that, and look at trade usage, we find in the present record the defendants' own witnesses describing themselves as monument 'manufacturers,' and speaking of 'manufacturing' monuments. For these reasons, we hold the patent valid and infringed. The remaining questions relate to the relief to be granted."

The form of the monument there involved does not appear from the report of the case; but I can well see how, if fashioned or sculptured from a monolith, it might be appropriately denominated a manufacture. If, however, a monument be composed of different parts joined together in such a manner as to constitute a building, then it could not, with any degree of correctness or propriety, be called a manufacture. The first definition given in the Century Dictionary of a monument is "anything by which the memory of a per-

son, a period, or an event is preserved or perpetuated; hence, any conspicuous, permanent, or splendid building, as a medieval cathedral, or any work of art or industry constituting a memorial of the past; a memorial." To speak of a cathedral as an article of manufacture would involve a gross solecism.

I am inclined to think that plaintiff's alleged invention is useful, and that, while its elements are old, the combination might perhaps be considered new. However, I do not pass either upon the question of utility or novelty, but simply decide that the patent relates, not to an article of manufacture, but to a species of architecture, and that a patent on an architectural design or product is without authority of law.

My attention has been called to the following paragraph from a standard text-book on Patents: "The word 'manufacture' has a much narrower signification in the American patent laws than it has in those of England. In the latter it includes everything made by the hand of man, and also includes processes of manufacture. According to the former, processes are patentable because they are arts, while some of the things made by the hand of man are patentable as machines, and some others are patentable as compositions of matter, and some others are patentable as designs. Whatever is made by the hand of man, and is neither of these, is a manufacture, in the sense in which that word is used in the American patent laws. The term should be held to justify a patent for the invention of a new and useful human habitation, or a new and useful improvement of such a structure. This statement is ventured, notwithstanding the facetious obiter dictum of Judge Grier in the jail case." Walker on Patents (4th Ed.) pp. 12, 13, § 17.

If manufacture were held to include everything made by the hand of man, not only would its popular meaning be disregarded, but at least two classifications found in the patent statute would be useless, since manufacture would then comprehend all that is included, either in the word "machine" or the expression "composition of matter." Furthermore, the text above quoted, notwithstanding the high respectability of its author, is met by the case which he himself refers to as out of line with the statement he ventures, namely, Jacobs v. Baker, 7 Wall. (74 U. S.) 297, 19 L. Ed. 200, the first paragraph of the syllabus being as follows: "Semble, that an improvement in the plan of constructing a jail is not a subject of patent within the patent acts of 1836 or 1842."

The demurrer will be sustained, and the bill dismissed.