INTERNATIONAL MAUSOLEUM CO. v. SIEVERT et al.

(Circuit Court of Appeals, Sixth Circuit. March 3, 1914.)

No. 2432.

1. PATENTS (§ 13*)—VALIDITY—SUBJECT-MATTER—IMPROVEMENT OF MAUSOLE-UM—"MANUFACTURE."

An improvement in mausoleum construction aimed at securing convenience, preservation of the body, and sanitary conditions brought about by bringing together various parts so as to form an improved, complete whole, is patentable as a "manufacture" under Rev. St. § 4886 (U. S. Comp. St. 1901, p. 3382), providing that any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, etc., may obtain a patent therefor; the word "manufacture" being used to mean whatever is made by the hand of man that is neither an art, machine, composition of matter, or design.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 11, 12; Dec. Dig. § 13.*

For other definitions, see Words and Phrases, vol. 5, pp. 4344–4346; vol. 8, p. 7716.]

2. PATENTS (§ 310*)—BILL FOR INFRINGEMENT—DEMURRER—JUDICIAL NOTICE.

In considering questions of novelty and invention, on demurrer to a bill for patent infringement, the court may take judicial notice of facts of common and general knowledge tending to show want of those elements, but it must keep strictly within the field of common knowledge; and, if there is any doubt whatever on the questions of novelty and invention, the demurrer must be overruled.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

3. PATENTS (§ 26*)—"PATENTABLE INVENTION"—COMBINATION OF OLD ELE-
MENTS.

In order to constitute a patentable invention formed by a combination of old elements, it is not necessary that all the constituents so enter into the combination that it changes the mode of action of every other, and not only performs its own part, but is in some way directly and immediately concerned in the performance of their respective parts by all the other elements, but it is sufficient that the combination produces as a consequence of their union a new and useful result, and not a mere aggregation of several results.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 27–30; Dec. Dig. § 26.*

For other definitions, see Words and Phrases, vol. 6, p. 5234.

Patentability of combination of old elements as dependent on results attained, see note to National Tube Co. v. Aiken, 91 C. C. A. 123.]

4. PATENTS (§ 328*)—VALIDITY—SUBJECT-MATTER—IMPROVEMENT IN MAUSOLE-
UM CONSTRUCTION.

The Hood patent, No. 858,070, for an improvement in mausoleum construction, comprising a structure with a reception hallway, seamless catacombs erected therein and spaced from the walls whereby an air passage is formed, with valve-controlled ports at their rear ends communicating with the air passage, which is provided with an outlet at or near the top of the structure, and also valve-controlled ports at the front ends of the catacombs through which air may be exhausted therefrom after the same are sealed, was not void on its face, on the theory that the elements did not co-operate to produce a new, final, and unitary result by way of a convenient, sanitary, and body-preserving community mausoleum.

5. PATENTS (§ 328*)—DESCRIPTION.

The Hood patent, No. 858,070, for "a burial crypt" comprising a structure with "a reception hallway, seamless catacombs erected therein, and spaced from the walls thereof," etc., was not invalid as vague and ambiguous, because the nomenclature was inartificial and inaccurate in the use of the word "crypt" as applied to the mausoleum, and "catacomb" as defining the individual burial compartment.

Appeal from the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

Suit in equity by the International Mausoleum Company against H. S. Sievert and others for infringement of patent. From a decree dismissing the bill on demurrer (197 Fed. 936), complainant appeals. Reversed and remanded.

Wallace R. Lane and George Mankle, both of Chicago, Ill., for appellant.

A. E. Lynch and Victor C. Lynch, both of Cleveland, Ohio (Lynch & Dorer, of Cleveland, Ohio, and Niles & Peters, of Tiffin, Ohio, of counsel), for appellees.

Before KNAPPEN and DENISON, Circuit Judges, and COCHRAN, District Judge.

KNAPPEN, Circuit Judge. Suit for infringement of United States patent No. 858,070 to Hood, for burial crypt. On demurrer to the bill, the suit was dismissed, and this appeal is from that action. The object of the invention, as stated in the specifications, is "to provide a community crypt having a hallway or lobby of sufficient size to accommodate the funeral attendants and which will protect them during the services, from extreme temperatures in the weather and also from

storms." The inventor provides a series of so-called "catacombs" or berth-like compartments (each for the reception of an individual body) arranged in vertical rows, tier upon tier, with homogeneous tops, floors and partitions, the lower surface of the floor of one set of chambers forming the top of the next set below, and the sides of the chambers being obviously the partition walls as respects the adjoining chambers; the floors and partitions being preferably of "concrete cement." The front end of each individual compartment is provided with a valve-port for the exhausting of air in the chamber after the body is placed therein; also with a valve-port at the rear end of the chamber for the passage therethrough of such gases as may form in the chamber—these valves communicating with, and thus allowing the escape of gases through, air chambers in the exterior walls leading to a common point of escape at or near the highest point in the outer wall. A shelf slightly projecting into the lobby is formed at the base of each row of chambers through an extension of the wall between the horizontal tiers for the purpose of supporting floral designs and appropriate emblems and serving as guides in directing the casket into the compartment. The second claim is as follows:

"A burial crypt comprising a structure with a reception hallway, seamless catacombs erected therein and spaced from the walls thereof whereby an air passage is formed, said catacombs being provided with valve-controlled ports at their rear ends which communicate with said air passage, said passage being provided with an outlet at or near the top of the structure, also valve-controlled ports at the front ends of the catacombs through which the air may be exhausted therefrom after the same are sealed."

The first claim differs from the second in omitting the element of valve-ports at the front ends. The third claim differs from the second in including the shelf.

The two grounds of demurrer which were sustained are directed to the defenses of: (a) Nonpatentable subject-matter; and (b) invalidity of the patent on its face. The prominent considerations on which the presiding judge seems to have based his conclusion are: (a) That the construction in question is not within either of the classes covered by section 4886 of the Revised Statutes (U. S. Comp. St. 1901, p. 3382); (b) that the claims are for mere aggregation of nonco-operating elements; (c) that the use of burial places under roof, with provision for accommodation of funeral attendants and their protection from the weather during services, seamless burial niches and shelves (the latter being but enlargements of the base of the portal) are old, as is also the idea generally of a gas-pressure valve in the rear of the niche, applied to analogous purposes; (d) that there appears no advantage in exhausting the air from the burial niche; (e) that it is matter of common knowledge that a niche constructed of concrete cement would not, by reason of its porosity, permit a vacuum to continue for any appreciable time; and (f) that the dissemination of the gases and their escape into the outer air is not useful, is hardly desirable, and is unsanitary. International Mausoleum Co. v. Sievert (D. C.) 197 Fed. 936.

[1] In support of his conclusion that the subject-matter of the alleged invention is not within the patent statute (Rev. St. § 4886), the

learned district judge cited Jacobs v. Baker, 7 Wall, 295, 19 L. Ed. 200; Fond du Lac County v. May, 137 U. S. 395, 11 Sup. Ct. 98, 34 L. Ed. 714; and American Disappearing Bed Co. v. Arnaelsteen (C. C. A. 9th Cir.) 182 Fed. 324, 105 C. C. A. 40. We think these cases not decisive. In Jacobs v. Baker, Justice Grier, who wrote the opinion, was inclined to the view that an improvement in the plan of constructing a jail was not within the patent statute. The point, however, was not expressly decided; the bill being dismissed on the ground that the patentee was not the first inventor. In the May Case, Jacobs v. Baker was said to have held that:

"An improvement in the construction of a jail did not come under the denomination of a machine, or a manufacture, or a composition of matter; and that it was doubtful whether it could be classed as an art."

But this proposition was passed without reaffirming it, and the case apparently decided upon another ground. The Arnaelsteen Case involved a patent for an apartment house with a disappearing bed, which was declared void, apparently upon the ground that "no particular form or construction of a room in a house, or of a recess in a room, is patentable." We think it not inconsistent with anything actually decided in either of the two cases first cited (and perhaps not with the Arnaelsteen Case) to hold that the improvement of a mausoleum may be within the patent statute. In Traction Co. v. Pope, 212 Fed. 719, —— C. C. A. —— (decided October 17, 1913), we quoted with approval the language of Judge Acheson in Johnson v. Johnston (C. C.) 60 Fed. 618, 620, that:

"The term 'manufacture,' as used in the patent law, has a very comprehensive sense, embracing whatever is made by the art or industry of man, not being a machine, a composition of matter, or a design."

Mr. Walker, in his work on Patents (4th Ed. § 17), states the rule as follows:

"Whatever is made by the hand of man and is neither of these [i. e., an art, a machine, a composition of matter, or a design], is a 'manufacture,' in the sense in which that word is used in the American patent laws."

In Crier v. Innes (C. C. A. 2d Cir.) 170 Fed. 324, 95 C. C. A. 508, a sarcophagus monument was held to be a manufacture and not a species of architecture, as defendant contends is the character of the device here. Riter-Conley Mfg. Co. v. Aiken (C. C. A. 3d Cir.) 203 Fed. 699, at page 702, 121 C. C. A. 655, at page 658, is a persuasive decision. It was there held that a building or a part of a building, if it involves novelty or invention, is patentable as a manufacture; Judge Buffington saying:

"To say that a roof falls within the domain of architecture is not to decide the question; for the question is not whether a roof construction is included in architecture, which, of course, it is, but whether the roof section here in question is, in view of its several constituent and co-operating elements, a manufacture. We must not be misled by the factors of size or immobility. The pyramids, by reason of their bulk and solidity, are none the less a manufacture, as distinguished from a natural object."

That case (as does also the opinion of Judge Orr in the District Court [205 Fed. 531]) contains an interesting discussion of the ques-

tion under consideration. It seems clear that the making of the various parts of the mausoleum would be manufacture. The subject, in our opinion, does not lose its nature from the mere fact of the bringing of the parts together in a complete whole. See, also, Columbia Iron Works v. National Lead Co., 127 Fed. 99, 62 C. C. A. 99, 64 L. R. A. 645, in which this court held that a corporation engaged principally in the business of building and repairing steel ships for sale and upon order, and which prepared and gave shape to much of their material, was engaged in manufacturing under the bankruptcy act. See, also, Friday v. Hall, etc., Co., 216 U. S. 449, 30 Sup. Ct. 261, 54 L. Ed. 562, 26 L. R. A. (N. S.) 475, where a corporation organized to construct railroads, buildings, and other structures, whose principal business is making and constructing arches, walls, and other buildings out of concrete, which buys and combines together their materials in making concrete and supplies labor, machinery, and materials at the place that the contracts call for, is a corporation engaged principally in manufacturing within the meaning of the bankruptcy act.

We think an improvement in mausoleum construction, aimed at securing convenience, preservation of the body, and sanitary conditions, should be classed as a manufacture under the patent statute.

[2] The rule is well settled that in considering questions of novelty and invention, upon demurrer to a bill, the court may take judicial notice of facts of common and general knowledge tending to show want of those elements; but the court must keep strictly within the field of common knowledge; and, if it have any doubt whatever on the questions of novelty and invention, it must overrule the demurrer, and leave the questions to proof. This rule has been declared and applied by this court in Amer. Fibre-Chamois Co. v. Buckskin-Fibre Co., 72 Fed. 508, 18 C. C. A. 662; Ferro Concrete Constr. Co. v. Concrete Steel Co., 206 Fed. 666, 668, 124 C. C. A. 466; and Chas. Boldt Co. v. Nivision-Weiskopf Co., 194 Fed. 871, 873, 114 C. C. A. 617—in which latter case want of novelty and invention was held to appear palpably from common and general knowledge of the art. The District Court recognized the rule stated and its limitations. We are unable, however, to agree with its conclusion that the patent is void on its face, taking into consideration only such common and general knowledge.

[3] Upon the question of aggregation, for example: While it may ultimately appear not only that each element of the combination is old, but also that there is a lack of necessary co-operation between them; yet, in order that a combination of old elements may be patentable, it is not necessary that all the constituents so enter into the combination that each changes the mode of action of every other; and that each not only performs its own part but is also in some way directly and immediately concerned in the performance of their respective parts by all the other elements. It is sufficient that the combination produces, as a consequence of their union, a new and useful result, and not a mere aggregation of several results. Natl. Cash Register Co. v. Amer. Cash Register Co. (C. C. A. 3d Cir.) 53 Fed. 367, 3 C. C. A. 559; Toledo Comp. Scale Co. v. Moneyweight Scale Co. (C. C.) 178 Fed. 557, 563.

[4] It is not necessary, for instance, that there be direct and continuing coaction between the hallway and the rear port-valve of the individual compartment. Assuming, for the purposes of this opinion (but not deciding), that a hallway may not be a proper element in a community mausoleum, it does not necessarily follow that its presence in the claim vitiates it; its mention may not improperly be regarded as a statement of environment, as, for instance, as if the claim read, "in a burial crypt (having a hallway or lobby), seamless catacombs," etc. And in the absence of testimony, we cannot say with confidence that the elements of the several claims do not co-operate to produce a new, final, and unitary result by way of a convenient, sanitary, and body-preserving community mausoleum. Leaving the subject of aggregation: The fact that burial places under roof, with provisions for the accommodation and protection of attendants, may have been old, does not necessarily exclude the presence of invention in the use of that feature in combination with others here; and the same is true as to the prior use of seamless burial niches and shelves, as well as the alleged use of gas-pressure valves applied to analogous purposes; for, even if it shall turn out that each element of the combination was old, yet, if the combination produces a new and useful result, the inventor is entitled to the protection of the patent. Expanded Metal Co. v. Bradford, 214 U. S. 366, 381, 29 Sup. Ct. 652, 53 L. Ed. 1034. It is, of course, possible that no advantage results from exhausting the air from the burial compartments, and that inadequate means are provided for accomplishing such result; but we should hesitate to so declare in the absence of proof to that effect. The same consideration applies to the suggestion that concrete cement will not permit the continuance of a vacuum. Again, we would not, we think, be justified in assuming either that, in the actual construction of the mausoleum in question, no provision would be made for the sanitary disposition of such noxious gases as might escape, or that health authorities would permit an unsanitary construction. In other words, although it is by no means impossible that complainant may find obstacles in the way of sustaining its patent, the evidence afforded by the patent itself and by common and general knowledge is not such as, in our judgment, enables us to decide adversely to complainant the controlling questions of novelty and invention, which are always questions of fact.

[5] It is true that the nomenclature of the patent is in some respects inartificial and inaccurate, for instance: In the use of the word "crypt" as applied to the mausoleum, and "catacomb" as defining the individual burial compartment. But these inaccuracies are not misleading; and, upon the present record, the specifications do not impress us as fatally vague and ambiguous. We need not consider appellee's suggestion that the second ground of demurrer should have been sustained; for not only was it not passed upon by the District Court, but, should it be held good, complainant would be given opportunity to amend.

For the reasons stated, we are constrained to reverse the decree dismissing the bill, with costs, and to remand the case to the District Court for further proceedings not inconsistent with this opinion.