## DINUBA STEEL PRODUCTS CORPORATION v. KILLEFER MFG. CORPORATION.

### No. 2337-S.

District Court, N. D. California, S. D.

March 7, 1932.

Lincoln V. Johnson, C. Huntington Jacobs, and Arthur P. Shapro, all of San Francisco, Cal., for plaintiff.

Lyon & Lyon, of Los Angeles, Cal., for defendant.

ST. SURE, District Judge.

Plaintiff, as the assignee of patent No. 1,584,644, issued to Hugo Petzoldt of date May 11, 1926, sued defendant for an injunction against infringement and for an accounting. The defense is that Petzoldt was not the first inventor of the thing patented, claim of invalidity, and denial of infringement.

The patent is for a power lift device for heavy earth-working tools, such as subsoil plows, cultivators, road levelers, and road-building machinery. Such devices are old in the art, and all of the elements are ancient. The claims are therefore narrow.

Petzoldt conceived the idea of a combination for a power lift device which operated with an automatic kick-off. This feature is simple and novel, and, as the file wrapper shows, was the inducing cause for the issuance of the patent.

Claim 1, which it is averred is infringed, reads as follows: "In a power lift implement, a frame, an axle journaled transversely of said frame, an arm on each end of the axle, each arm terminating at the lower end with a spindle, traction wheels rotatable on said spindle, a pair of spaced discs mounted on one spindle and fixed to the adjacent wheel, a plurality of pins extending transversely between the discs, and at regular intervals in a circular formation adjacent the edges of the discs, an elongated pawl pivotally mounted on the frame at a point underneath the axis of the axle and normally extending forwardly alongside of the adjacent arm, said pawl having a hooked end terminating above the pins, means for swinging the pawl into an engageable position with said pins, whereby when the hooked end is engaged with one pin and the discs rotate, the next succeeding pin will engage the pawl to disengage the hooked end."

The evidence shows that defendant has been manufacturing a power lift device similar to that of plaintiff since 1924. Petzoldt filed application for his patent March 6, 1923, and a patent was issued to him on May 11, 1926. Defendant claims that its device follows the teachings of a patent issued to Arthur W. Hudson, April 23, 1929, of which defendant is the owner. Hudson, an employee of defendant at the time, filed his application on December 18, 1924. Defendant admits that its device contains all of the elements of the Petzoldt patent except that described by the following language of claim 1: "Means for swinging the pawl into an engageable position with said pins, whereby when the hooked end is engaged with one pin and the discs rotate, the next succeeding pin will engage the pawl to disengage the hooked end."

Hudson's patent provides for a "kick-off plate," which is best described in the testimony of defendant's expert, Mr. Doble:

"Q. Now, in that structure as disclosed by the Hudson patent, Defendant's Exhibit B-4, how are the pawls as disclosed in this patent disengaged from the ratchet wheels which are secured to the ground wheels of the implement? A. In the Hudson patent, Defendant's Exhibit B-4, the pawls are disengaged from the ratchet wheels by means of a stop mounted upon the actuating lever. The stop or kick-off plate is No. 60, and is most clearly seen in Fig. 4. As the implement reaches the predetermined point at which the pawl is to disengage from the ratchet wheel, the kick-off plate 60 engages the crank axle 5, holding the pawl from further movement, and thereby disengaging the pawl from the ratchet wheel."

In the Petzoldt patent, as we have seen, the pawl is disengaged from the ratchet wheel "when the hooked end is engaged with one pin and the discs rotate the next succeeding pin will disengage the hooked end."

And quoting further from the testimony of defendant's expert:

"The Court: Would this Hudson machine operate without the kick-off plate? A. Yes, your Honor. It largely depends on the construction of the machine. In the construction of agricultural tools the manufacture is rather crude, and the adjustment plate is an important feature, because then the exact point of release can be accurately adjusted."

Plaintiff offered testimony showing that defendant had knowledge of Petzoldt's invention in the year 1924.

Defendant suggests that, as the Petzoldt and Hudson patents "were co-pending in the

850

Patent Office, both were issued for a particular type of kick-off mechanism, and there was no interference declared, * * * " therefore there "is prima facie evidence, as far as the Patent Office is concerned, that there is no overlapping invention."

■ Petzoldt filed his application in 1923; Hudson in 1924. Petzoldt was granted a patent in 1926; Hudson in 1929. Petzoldt in his application made a complete and adequate description of the thing claimed before Hudson filed. When, later, patent was issued to him, Petzoldt became the first inventor, and was entitled to carry the date of his invention back to the date of his application. As between copending applications, respective filing dates fix respective dates of invention, in absence of other evidence. Fleischman Yeast Co. v. Federal Yeast Corporation (D. C.) 8 F.(2d) 186, 201. The grant of a later patent is evidence only that a patentable difference exists between the device shown and that of a prior patent, and not that it does not infringe the earlier patent. Herman v. Youngstown Car Mfg. Co. (C. C. A.) 191 F. 579.

■ In support of its contention that Petzoldt was not the first inventor, defendant offered in evidence a number of prior patents. An examination of them shows that none of the earlier devices performs its function in the same way as the Petzoldt device. Prior structures, which by modification might be made to perform functions of one later patented, are not anticipations, where not designed, adapted to, nor used for, such functions. Tashjian v. Forderer Cornice Works (C. C. A.) 14 F.(2d) 414; Topliff v. Topliff, 145 U. S. 156, 12 S. Ct. 825, 36 L. Ed. 658; Los Alamitos Sugar Co. v. Carroll (C. C. A.) 173 F. 280.

■ The defense of invalidity has not been sustained, and I therefore find that the Petzoldt patent, owned by plaintiff, is valid.

■ Upon the question of infringement, the evidence shows that defendant copied the Petzoldt power lift. A study of the Hudson patent, after witnessing demonstration of the defendant's device and comparing it with Petzoldt's, convinces me that defendant's device comes within the classical definition of infringement, in that "it performs substantially the same function or office in substantially the same way to obtain substantially the same result" as the Petzoldt device. I therefore find that plaintiff's patent has been infringed, as charged in the bill of complaint.

Let plaintiff have decree as prayed for.