**PARK–IN THEATRES, Inc., v. ROGERS et al.**

**No. 9893.**

Circuit Court of Appeals, Ninth Circuit.

Sept. 14, 1942.

746

Lyon & Lyon, of Los Angeles, Cal. (Leonard L. Kalish, of Philadelphia, Pa., of counsel), for appellant.

Herbert A. Huebner, of Los Angeles, Cal., for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

WILBUR, Circuit Judge.

Appellant sued appellees for alleged infringement of a patent for a drive-in theatre. After answering, appellees moved for summary judgment under rule 56, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the grounds that appellant's patent was void on its face for want of patentable subject matter, want of patentable combination, want of invention, and undue multiplicity of claims. The motion was heard on the pleadings and on affidavits filed by appellant. The court made findings of fact and found that the patent, as to claims in suit, was for an architectural design and was not for an art, machine, manufacture or composition of matter, or any new and useful improvement thereof, and dismissed the complaint on the ground that the subject of the patent was not a patentable subject matter and the invention was not a patentable invention or improvement within the meaning of 35 U.S.C.A. § 31, 46 Stat. 376.

The patent in question contains twenty claims, of which this suit involves only numbers 1, 2, 5, and 9 to 15, inclusive. Each of these claims is for an outdoor theater in which the audience remain seated in their automobiles, which are parked facing the stage in rows, called "stall-ways", alternated with driveways which provide means of ingress and egress. Claims 1, 2, and 5 provide that the stall-ways are at such a vertical angle with the stage as to give clear vision over the cars ahead. Claim 11 provides that the angle between stage and auto-supporting surface shall exceed 90°. Claims 12 to 15, inclusive, provide that the stall-ways are vertically inclined with respect to the horizontal. Stall-ways successively more remote from the stage are provided by claim 13 to be at successively less vertical inclination, and by claim 14 to be at successively greater elevation; claim 15 embraces both these provisions. Claim 2 provides that stall-ways and driveways are curvilinear. Claim 5 substitutes for the stage a motion picture screen, projector and sound equipment. Claim 9 provides for "means associated with said stall-ways for raising the front end of an automobile disposed therein in order to produce a generally clear angle of vision from the seat of the automobile through the windshield thereof to the stage, generally free of obstruction from the automobiles ahead of it." Claim 10 provides for "means for longitudinally tilting the automobiles" for the same purpose.

The appellant claims that the drive-in theater conceived by the patentee is a manufacture, a machine and an art, and is patentable as either under the express language of the statute authorizing the issue of patents. 35 U.S.C.A. § 31.

In reaching the contrary conclusion the trial court relied heavily upon the decision by this court in American Disappearing Bed Co. v. Arnaelsteen, 9 Cir., 182 F. 324, 325, as authority for holding that if the subject matter of the patent was in the nature of architecture it did not come within the meaning of the patent law. The court in that case had under consideration a construction of rooms in an apartment house whereby a recess was made under the floor of one room and over the floor of another, wherein a bed could be kept when not in use. The claim thus was confined to a mere arrangement of partitions in a building. In that connection the court said: "It would be a gross misuse of the word [manufacture] to say that a house, or a room in a house, is manufactured. While many devices and many novel combinations of materials used in the construction of houses are within the protection of the patent laws, it has never been held, so

far as we are advised, that any particular form of construction of a room in a house, or of a recess in a room, is patentable, whether considered by itself or taken in combination with any conceivable use to which it may be put."

The court based its conclusion upon the proposition that an adjustment of rooms or partitions in a house was not such a manufacture as was contemplated by the patent laws. And of course its conclusion was predicated upon the kind of structure which was involved in that patent. The court did not and could not properly say that there could be no possible building or structure which could be properly classified as a manufacture within the meaning of the patent law. The patent law neither excludes nor includes architecture as such and in our view it is a false quantity in the case. If inventive genius is involved in the conception of the thing manufactured the fact that it might be classified as architecture would not make the structure unpatentable. Neither the constitution nor the statute limits or defines the type of manufacture which is patentable other than that it must be novel and useful and an invention or discovery.

It should be noted that the decision in the American Disappearing Bed Co. v. Arnaelsteen, supra, referred to two decisions by the Supreme Court involving the construction of a jail and assumes that the Supreme Court held that such a structure was not patentable. An examination of those cases shows that the court was doubtful whether or not such structure was patentable but held that the patent was invalid for anticipation. Jacobs v. Baker, 7 Wall. 295, 74 U.S. 295, 19 L.Ed. 200; Fond du Lac County v. May, 137 U.S. 395, 11 S.Ct. 98, 34 L.Ed. 714.

■ We think the rule is correctly stated in the opinion of the Third Circuit Court of Appeals by Judge Buffington in Riter-Conley Mfg. Co. v. Aiken, 3 Cir., 203 F. 699, 702, wherein the court said: "But, considering the question as unaffected by this long course of practice [of the Patent Office], we are clear that the term 'manufacture' in the patent law embraces buildings. To say that a roof falls within the domain of architecture is not to decide the question; for the question is not whether a roof construction is included in architecture, which, of course, it is, but whether the roof section here in question is, in view of its several constituent and co-

operating elements, a manufacture. We must not be misled by the factors of size and immobility. The pyramids, by reason of their bulk and solidity, are none the less a manufacture, as distinguished from a natural object."

The court concluded that the roof structure was manufactured within the meaning of patent law, and said: "And if the making of these constituent parts is manufacture, we see no logical escape from the conclusion that the roof wherein these parts are assembled and used is in fact a thing manufactured, and therefore within the word 'manufacture' as used in the patent law." See also Tashjian v. Forderer Cornice Works, 9 Cir., 14 F.2d 414, opinion by Judge Gilbert, who wrote the opinion in American Disappearing Bed Co. v. Arnaelsteen, supra; and In re Hadden, 57 App.D.C. 259, 20 F.2d 275, sustaining a design patent on a grandstand.

In the case at bar the patent provides for a system of arranging automobiles facing the stage or screen so that the various automobiles will not enter the line of sight of those in other automobiles and that the automobiles going and coming will also be below the line of sight of those which remain.

The main problem involved is in arranging the position of the automobile so that all the persons therein may be able to look through the windshield and see the entire stage or screen. This is accomplished by tilting the automobile. The patent claims do not specify the means for tilting the automobile but the drawings indicate that one method is by driving the automobile on planes of varying inclination.

The material utilized in constructing the drive-in theater is not important in determining whether or not the finished project is manufactured within the meaning of the patent law.

■ We conclude that the outdoor theater comes under a patentable classification, as a manufacture or machine.

■ The issuance of the patent is presumptive evidence of invention and patentability. The presumption is so strong that in the event of a reasonable doubt as to patentability or invention that doubt must be resolved in favor of the validity of the patent. Mumm v. Jacob E. Decker & Sons, 301 U.S. 168, 171, 57 S.Ct. 675, 81 L. Ed. 983. See also Frank v. Western Electric Co., 2 Cir., 24 F.2d 642, 645. The lower

court confines its conclusions to the proposition that the theatre was not a patentable subject and, consequently, did not consider the questions of invention, utility, etc. Upon the latter issues the patentee has the right to fortify the presumption of validity of the patent by proof of matters tending to show that the conception of the patentee involved invention and utility.

The appellee suggests that if the decree of the lower court can be sustained on any ground going to the insufficiency of the complaint the judgment should be affirmed. This position cannot be sustained because neither the court below nor this court had the advantage of such additional light as is permissible in a patent case upon the questions of invention, priority, etc. For that reason we reverse the decision without doing more than to hold that the structure in question is within a patentable classification. We return the case to the district court for a trial of the case and a decision not inconsistent with the above determination of this court.

STEPHENS, Circuit Judge.

I dissent.