## In re HADDEN.

Court of Appeals of District of Columbia.
Submitted May 10, 1927. Decided
May 26, 1927.

### No. 1952.

1. Patents ⚒=28—Design patent has reference to appearance, and not utility, and may apply to article of manufacture as a whole, if general effect is pleasing and ornamental (Comp. St. § 9475).

Since amendment of Rev. St. § 4929, on May 9, 1902 (Comp. St. § 9475), by elimination of the word "useful," a design patent has had reference only to appearance, and not utility, and may properly apply to an article of manufacture as a whole, if the general effect is pleasing and ornamental.

2. Patents ⚒=28—Grandstand is "article of manufacture," and new design therefor is patentable (Const. art. 1, § 8; Comp. St. §§ 9430, 9475).

Under Const. art. 1, § 8, and Rev. St. § 4886, and § 4929, as amended May 9, 1902 (Comp. St. §§ 9430, 9475), a grandstand is an "article of manufacture," such that a new design therefor is patentable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Manufactures—Manufactured Articles.]

Appeal from Commissioner of Patents.

In the matter of the application of Gavin Hadden for patent. From a decision of the Commissioner of Patents, denying the application, applicant appeals. Reversed.

J. M. Jester, of Washington, D. C., and R. W. Byerly, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a Patent Office decision refusing to allow applicant's claim covering a design for a grandstand, on the ground that, although it may be a manufacture, it is not an *article* of manufacture.

In his specification applicant thus characterizes his design: "The essential feature of the new design consists in the fact that the outer edge of each side of the grandstand is bowed outwardly from the lines of the side seats, as shown in Fig. 1, and is higher at the center, and decreases in height toward the ends, being substantially elliptical in said elevation, as shown in Fig. 2."

That grandstands as heretofore constructed are seldom pleasing to the eye is a conservative statement. Counsel for the applicant,

in his brief, quotes from an article by applicant on "Modern Athletic Stadia," in which he speaks of this as follows: "It is in its elevation that this design shows its greatest novelty, and it is this feature which gives the structure its distinctive architectural appearance. The cutting off of the straight rising tiers of seats with their vertical curve or slope by the cylindrical outer wall causes a sky line which consists of a series of convolutions."

We are of the view that the construction of a grandstand in accordance with this design will produce an ornamental and pleasing structure. The Patent Office was doubtful on this point, the Commissioner saying: "In a structure of the size here involved, the average user would get little definite notion of any ornamental feature in the entire structure. * * * While seated in the grandstand, an observer could, possibly, obtain some idea of the curves of the opposite and lateral tiers of seats; but it is doubtful if he would be impressed with the view that there was anything ornamental, or beyond mere utility, in the construction exhibited by the curved tiers of seats.

[1, 2] Since the amendment of section 4929, R. S., on May 9, 1902 (32 Stat. 193 [Comp. St. § 9475]), eliminating the word "useful" from the statute, a design patent has had reference to appearance, and not utility. Rowe v. Blodgett (C. C.) 103 F. 873, affirmed in (C. C. A.) 112 F. 62. It may now properly apply to the article of manufacture as a whole, if the general effect is pleasing and ornamental. Mygatt v. Schaffer (C. C. A.) 218 F. 827; Foster & Bros. Co. v. Tilden-Thurber Co. (C. C. A.) 200 F. 54. The Lincoln Memorial in this city is a good example of such a design. In other words, it is the form of the structure as a whole to which we must look.

Article 1, § 8, of the Constitution, empowers Congress "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries."

Section 4886, R. S. (section 9430, Comp. St.), provides that "any person who has invented or discovered any new and useful art, machine, manufacture, or composition of matter, or any new and useful improvements thereof," etc., may obtain a patent therefor.

Section 4929, R. S., provides: "Any person who has invented any new, original, and ornamental design for an article of manufacture," etc., may obtain a patent therefor.

In Crier v. Innes, 170 F. 324, it was held by the Circuit Court of Appeals for the Sec-

ond Circuit that a sarcophagus monument is an article of manufacture, within the meaning of section 4929, R. S., and a proper subject for a design patent.

In Riter-Conley Mfg. Co. v. Aiken (C. C. A.) 203 F. 699, it was ruled that a building is a "manufacture," within the meaning of section 4886, R. S., and a proper subject-matter for patent. The court said: "We must not be misled by the factors of size and immobility. The pyramids, by reason of their bulk and solidity, are none the less a manufacture, as distinguished from a natural object."

Again, in International Mausoleum Co. v. Sievert (C. C. A.) 213 F. 225, it was ruled that an improvement in mausoleum construction, by bringing together various parts, so as to form a complete whole, is patentable as a manufacture. In that case the court considered two decisions of the Supreme Court of the United States, cited by the appellee here, and found them not controlling. The cases are Jacobs v. Baker, 7 Wall. 295, 19 L. Ed. 200, and Fond du Lac County v. May, 137 U. S. 395, 11 S. Ct. 98, 34 L. Ed. 714. In the first of these cases, as pointed out in the International Mausoleum Co. Case, Justice Grier, of the Supreme Court, expressed the view that an improvement in the plan of construction of a jail would not be within the patent statute, but the question was not expressly decided, as the bill was dismissed on other grounds. In the second case, while there was an allusion to the first, the decision rested upon other grounds.

In Turner v. Quincy Market (C. C. A.) 225 F. 41, a concrete warehouse was ruled to be within the term "manufacture," the court observing that this term is very broad, and that it could not be limited with safety in a general way.

As already indicated, the Commissioner in his decision observed that "the structure disclosed by the appellant is a manufacture in the broad sense," but expressed a doubt as to whether it was an article of manufacture. It is to be noted that the Commissioner did not undertake to classify it as anything else. We attach no significance to the fact that in section 4886, R. S., the word "manufacture" is used alone, while in the section covering design patents the word is used in connection with "article." It is difficult to perceive how a thing may be a manufacture, without producing an article of manufacture. The Commissioner, with commendable frankness, said: "It is difficult to attempt a definition of an article of manufacture. Curiously enough, if the grand-

stand as made by appellant were of a toy character, one that could be picked up and carried around, purchased in a store and carried home, or delivered by the use of a delivery vehicle, the device would be an article of manufacture." But, as pointed out by the court in the Riter-Conley Mfg. Co. Case, size and immobility do not determine the question.

We are of the view that the applicant has produced a new, original, and ornamental design for an article of manufacture, and is entitled to a patent therefor. The decision, therefore, is reversed.

Reversed.