## PURE OIL CO. v. RUTHSATZ et al.
### No. 2827.

District Court, W. D. Michigan, S. D.
April 18, 1939.

Mr. F. A. Calvert, of Saginaw, Mich., for plaintiff.

Rolland E. Barr, of St. Joseph, Mich., for defendants.

RAYMOND, District Judge.

There exists diversity of citizenship of the parties; the matter in controversy as to the unfair competition cause of action exceeds, exclusive of interest and costs, the sum or value of $3000; the defendants are residents of this district; and the acts complained of have been committed by the defendants within this district.

Plaintiff is the lawful owner of Design Letters Patent No. 77,857, in suit, together with all rights of action for past infringement thereof.

The design of said patent is not disclosed by the prior art.

Plaintiff is marketing its petroleum products through service stations of this distinctive design and is using therewith a distinctive color combination.

Large numbers of these stations of said design and color combination have been constructed and are now in such use within a few miles of defendants' service station herein complained of, elsewhere in the state of Michigan and in many states of the United States.

In addition to the widespread use of said stations by plaintiff for said purpose, plaintiff has advertised said stations extensively in the neighborhood of defendants' station herein complained of, elsewhere in the State of Michigan and throughout many states of the United States.

By reason of their distinctive design and distinctive color combination and the widespread use and advertising thereof by plaintiff, said stations have become known and are now known to plaintiff's customers and to the public generally in the neighborhood of defendants' station, in the State of Michigan and in many states of the United States as stations where plaintiff's petroleum products are sold. And plaintiff is now enjoying the good will thus earned.

Plaintiff's service stations in Benton Harbor, Michigan, and St. Joseph, Michigan, serve plaintiff's motorist customers from many states and defendants' service station is located a few miles south on Highway 12 near St. Joseph, Michigan.

The defendants' station herein complained of presents substantially the same appearance and is deceptively similar to plaintiff's said service stations.

Defendants' service station presents substantially the same appearance that distinguishes plaintiff's service station from service stations of the prior art.

Defendants deliberately and intentionally appropriated plaintiff's distinctive design and distinctive color combination and defendants utilized, in the construction of their station, information and plans prepared for and given the defendants by plaintiff at a substantial expense to plaintiff and with the understanding that the proposed station, if constructed, would be used by defendants only for the purpose of marketing plaintiff's products.

Defendants carefully examined plaintiff's service stations nearby defendants' location and copied plaintiff's said service stations.

Prior to the beginning of the construction of defendants' service station herein complained of, defendants had notice of the plaintiff's patent in suit and of the fact that the plaintiff does not permit the construction of stations of this design and color except under contract.

Defendants constructed their service station to present the same general appearance as plaintiff's service station with intent to deceive plaintiff's customers, and palm off other products as the products of plaintiff.

Defendants have marketed petroleum products at their service station other than plaintiff's products, and defendants have not and are not marketing plaintiff's products at said service station.

The material allegations of the bill of complaint are true.

The court has jurisdiction of the parties and of the subject matter hereof.

The title to the Design Letters Patent No. 77,857 is vested in plaintiff, and plaintiff may maintain suit to restrain infringement thereof.

The said Design Letters Patent No. 77,857 is good and valid in law.

The said Design Letters Patent No. 77,857 has been infringed by defendants within this district.

The acts of defendants constitute unfair competition.

The legal principles applicable to the facts as stated in the findings herewith filed are so well established that only brief reference is necessary.

Concerning the scope and validity of the design patent in suit, see In re Hadden, 57 App.D.C. 259, 20 F.2d 275; Protex Sig-

690

nal Co. v. Feniger, 6 Cir., 11 F.2d 43. Upon the issue of infringement, the following cases are controlling: Applied Arts Corporation v. Grand Rapids Metalcraft Corporation, 6 Cir., 67 F.2d 428; Gorham Company v. White, 81 U.S. 511, 14 Wall. 511, 20 L.Ed. 731.

■ The courts have repeatedly held that those who seek to encroach upon another's established good-will, will be enjoined, and this principle has frequently been applied to business structures and to vehicles used in trade. See White Tower System v. White Castle System, etc., 6 Cir., 90 F.2d 67; United Cigar Stores Co. v. United Confectioners, 92 N.J.Eq. 449, 113 A. 226, 17 A.L.R. 779; In re Hadden, 57 App.D.C. 259, 20 F.2d 275; Yellow Cab Co. v. Creasman, 185 N.C. 551, 117 S.E. 787, 28 A.L.R. 109.

A permanent injunction should issue as prayed, all other relief having been waived.

· A decree in conformity herewith may be submitted for signature on or before April 25, 1939.