## MANDEE FABRICS, Inc. v. SLIFKA et al.

United States District Court
S. D. New York.
Feb. 23, 1951.

Frederick E. M. Ballon, New York City, for plaintiff.

Shalleck & Krakower, New York City, for defendants.

LEIBELL, District Judge.

Plaintiff, on January 31, 1951, obtained an order requiring the defendants to show cause why a preliminary injunction should not issue, enjoining and restraining defendants "from selling, distributing and advertising their products under the trade mark 'Tru-Loom' and trade name 'Tru-Loom Fabrics', and from otherwise and in

any other manner engaging in unfair competition with the plaintiff". On the same day the complaint was filed. On February 13th the defendants served their answering affidavits and the motion was submitted on February 16th.

Plaintiff's moving affidavit and complaint allege that on February 9, 1942 plaintiff adopted and used "Loomtru" as its trademark for rayon, cotton and protein fabrics in the piece; that since that date plaintiff has continuously used and applied said mark in the manufacture, sale and distribution of its product; that on May 14, 1943, plaintiff made application to the United States Patent Office for registration of its said trade-mark "Loomtru"; and that on August 24, 1943, the Patent Office granted the registration and issued an official certificate of registration No. 403,011, a copy of which is annexed to the complaint. These allegations are true and I so find.

The plaintiff also alleges that within the eight years down to the filing of the complaint, it expended large sums in advertising its mark "Loomtru" in magazines, newspapers and periodicals, and on stationery, wrappers and the like. Copies of some of the advertising matter are annexed to the complaint. As a result of this advertising and publicity and because of the quality of plaintiff's product, plaintiff has built up good will of considerable value in connection with its trade-mark, and its trade-mark has become distinctive in the textile business and has acquired a secondary meaning peculiar to plaintiff's business. The plaintiff is still using its trade-mark and is spending money in the promotion of its product under this trade-mark. The above allegations are true and I so find.

It appears from an affidavit of the defendant, Joseph Slifka, that the defendants adopted a trade-name "Tru-Loom Fabrics" after having received a report on November 21, 1949 from the National Federation of Textiles, Inc. that the name "Tru-Loom Fabrics" was not registered in the Patent Office or already listed with the Federation, and that "already listed" meant no "dup-lication or similarity in meaning, sound, spelling or appearance"; and that relying on that report defendants commenced doing business under the name of "Tru-Loom Fabrics". I find that defendants did receive such a report but I cannot find that after December 13, 1949 they could have relied on it in good faith, because on December 13, 1949, the plaintiff, through its attorney, notified defendants that plaintiff objected to the use of the name "Tru-Loom".

Then followed conversations of the respective attorneys and defendants offered to drop the word "Fabrics" from their trade-name, which offer the plaintiff rejected. This appears from the letters of December 30, 1949 and January 17, 1950, and I so find.

The plaintiff and defendants are in competitive fields. The defendants have advertised their trade-name Tru-Loom Fabrics in merchandizing textiles. Some confusion has resulted and more confusion is probable, because there is a similarity between the plaintiff's trade-mark "Loomtru" and the defendants' trade-name "Tru-Loom". The syllables of each name are the same. Defendants have simply reversed the order. Defendants' conduct has been willful and they have been persisting in it after due warning which was promptly given. These facts I find from the affidavits, the complaint and the exhibits submitted on this motion.

Although plaintiff has delayed almost a year in bringing this action, it has been only the first year of defendants' improper use of their trade-name. Plaintiff in the affidavit of one of its officers states that it has repeatedly demanded that defendants discontinue their use of the trade-mark "Tru-Loom" and the trade-name "Tru-Loom Fabrics", but that defendants have refused to comply with the demand. Further, laches do not bar the right to an injunction where the defendant's conduct is willful, although it may limit the right to an accounting for profits. Rothman v. Greyhound Corporation, 4 Cir., 175 F.2d 893 at page 895.

I find that plaintiff will sustain irreparable injury to its good will and to its business during the pendency of this action, if a preliminary injunction is not granted.

This is a suit under the trade-mark laws of the United States. The claim for unfair competition is properly joined with the claim for infringement of the registered trade-mark. T. 28 U.S.C.A. § 1338(b) and T. 15 U.S.C.A. § 1121. This court has jurisdiction of the action.

The similarity in trade-mark and name in this case ["Loomtru" and "Tru-Loom"] is apparent. The probability of confusion is well founded. The defendant is willfully competing unfairly with plaintiff. The courts have limited a choice of a name for a new business to those that will not compete unfairly with trade-marks or trade-names or corporate names already in use. The decisions of the courts have condemned the use of a trade-name or trade-mark which is similar to the trade-mark or trade-name of a competitor, who was first in the field. Celanese Corp. v. E. I. Du Pont De Nemours & Co., 154 F.2d 143, 33 C.C.P.A., Patents, 857; La-Touraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 157 F.2d 115.

Plaintiff and defendants have offices in the same building. The defendant, Joseph Slifka, has been in the textile business many years. He probably has read the trade magazines and papers of the textile industry. It is not unreasonable to infer that he knew of plaintiff's trade-mark "Loomtru" before he selected the trade-name "Tru-Loom". He was notified within a month that plaintiff objected to trade-name "Tru-Loom" but he persisted in its use. His protestation of a fine business reputation do not answer the obvious— that he has refused to select another trade-name without the word "Tru-Loom". If the preliminary injunction will cause him inconvenience he has but himself to blame.

The above findings of fact are made in compliance with Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Likewise, in compliance with that rule, the plaintiff will have to give security upon the issuance of the preliminary injunction. The amount of the security is fixed at $5,000. Settle an order accordingly.