The L. S. STARRETT COMPANY,
Plaintiff,

v.

AARON MACHINERY CO., Inc., Samuel
E. Aaron, and Jacob Freidus,
Defendants.

Civ. No. 18052.

United States District Court
E. D. New York.

April 2, 1958.

Burgess, Ryan & Hicks, New York City (John F. Ryan, New York City, Herbert W. Kenway, Boston, Mass., of counsel), for plaintiff.

Donner, Kinoy & Perlin, New York City (Marshall Perlin, New York City, of counsel), for defendants.

BRUCHHAUSEN, District Judge.

This is a motion by the plaintiff for a preliminary injunction in an action for unfair competition and trademark infringement.

There is no substantial dispute of the facts. It appears that the plaintiff's business was founded in 1880; that for the past seventy-five years it has been actively engaged in the manufacture of various kinds of hand tools and measuring instruments; that for many years the company has referred to and identified itself by the name "Starrett" in advertising through catalogues and other means; that it is the owner of United States trademark registrations under that name and that its annual sales exceed fifteen millions of dollars.

The individual defendants organized the corporate defendant in the year 1946. It is a family owned corporation, controlled and operated by the individual defendants. They are engaged in the business of selling foreign made machine tools.

While the plaintiff's business is concerned principally with the manufacture of hand tools and measuring instruments, many of those tools are used and advertised for use by attachment to or in conjunction with machine tools, not made by plaintiff, but manufactured by others. The plaintiff's catalogue, of which some 600,000 copies are circulated, contains a number of illustrations of such use, such as the plaintiff's saw blades attached to a drill press. The press itself is not manufactured by the plaintiff.

In October 1956, shortly after the plaintiff became aware of the defendants' use of the name "Starrett" on machine tools, it formally objected thereto and within a reasonable time thereafter commenced this action.

The front cover of the plaintiff's catalogue portrays the name "Starrett" in large red letters, on a white, oblong shaped mat, within a black border. All but a few of the 462 pages of the catalogue contain the name "Starrett," printed in bold faced type at the top.

The plaintiff has submitted copies of the three full page advertisements published or caused to be published by defendants in or about the month of August 1957 (prior to the filing of the complaint) all of which have printed at the top thereof in large lettering the words "Starrett Radial Drills." In addition, on each of the pages is a picture of a machine with the name "Starrett" in an oblong, bordered frame. The defendants continued to use the name "Starrett" in several advertisements of machines, published in December 1957.

The plaintiff has also presented a number of affidavits to the effect that the continued use by the defendants of the name "Starrett" is misleading and deceptive and tends to cause confusion in the minds of the buying public.

The opposing papers consist of an affidavit by the defendants' counsel and a law memorandum, neither of which raise a major factual dispute.

The principal contentions of the defendants are that the plaintiff is not entitled to injunctive relief under the circumstances; that the product of the plaintiff is readily distinguishable in that most of its tools bear the legend "L. S. Starrett Company-Athol, Mass. made in U.S.A.," while the defendants' machines bear a foreign label; that the use of a surname as a trademark renders it invalid; that there is no proof of intent to deceive or of fraud and that the name "Starrett" has been commonly used on buildings, television and goods other than tools.

No foreign label is discernible in the defendants' advertisements. The sole legend thereon is "Starrett." The use of the name "Starrett" on buildings and articles other than tools could not

lead to confusion in the purchase of tools. Obviously, the contention has no merit.

In similar situations, it has been held that "it is confusion of origin, not confusion of goods, which controls." Vick Chemical Co. v. Vick Medicine Co., D.C., 8 F.2d 49, 52.

 Injunctive relief is a recognized remedy for infringement of a trademark. Pan American World Airways, Inc., v. Clipper Van Lines, Inc., D.C., 98 F.Supp. 524; Mandee Fabrics, Inc., v. Slifka, D. C., 97 F.Supp. 187 and New York State General Business Law, McKinney's Consol.Laws, c. 20, § 368–c.

If the product on which the trademark is being used by another is fairly within the normal field of expansion of the registrant's business, the latter is entitled to relief. National Drying Machinery Co. v. Ackoff, D.C., 129 F. Supp. 389; Henry Muhs Co. v. Farm Craft Foods, Inc., D.C., 37 F.Supp. 1013.

The borrowing of a registrant's reputation by the use of his trademark constitutes such an injury as warrants injunctive relief. Yale Electric Corporation v. Robertson, 2 Cir., 26 F.2d 972, 974. See also Standard Brands, Inc., v. Smidler, 2 Cir., 151 F.2d 34 and Garrett v. T. H. Garrett & Co., 6 Cir., 78 F. 472. In the said Yale Electric case, Judge Learned Hand, writing for the Court, said:

> "If another uses it (the mark), he borrows the owner's reputation, whose quality no longer lies within his own control. This is an injury, even though the borrower does not tarnish it, or divert any sales by its use; for a reputation, like a face, is the symbol of its possessor and creator, and another can use it only as a mask."

The statute, 15 U.S.C.A. § 1057 (b), provides that the issuance of a registration is prima facie evidence of the exclusive right to use the mark. Not only is there failure on the defendants' part of rebuttal of such evidence, but the same applies to the claim of unfair competition.

The cases, cited by the defendants, relating to the "family name" doctrine are irrelevant.

Motion granted. The plaintiff shall give security in the sum of $500.

Submit order.