NISSEN TRAMPOLINE COMPANY,
Plaintiff,

v.

INTERNATIONAL TRAM-PO-LINE
MANUFACTURERS, INC.,
Defendant.

No. 60-C-843.

United States District Court
E. D. New York.
Nov. 18, 1960.

Kenyon & Kenyon, New York City, Richard A. Huettner, New York City, and Ooms, Welsh & Bradway, Owen Ooms, Donald L. Welsh, Chicago, Ill., of counsel, for plaintiff.

Philip Dinitz, Brooklyn, N. Y., for defendant.

BARTELS, District Judge.

In an action for injunction and damages for alleged copyright and trademark violations, as well as for unfair competition, plaintiff moves for an injunction *pendente lite* (Rule 56, Fed.Rules Civ. Proc., 28 U.S.C.A.). Jurisdiction is based on the copyright and trademark laws of the United States; there is also diversity of citizenship.

At the hearing testimony was adduced which established the following: In 1935 George P. Nissen, president and general manager of the plaintiff, first introduced the sport of rebound tumbling to colleges and sports organizations and since that time engaged in the manufacture of rebound tumbling equipment which was described as "Trampoline" equipment.[1] At first this equipment was sold to circuses and subsequently to schools and Y.M.C.As. In 1943 plaintiff's predecessor registered "Nissen Trampoline" as its trademark. Plaintiff and its predecessor extensively advertised this equipment as "Trampoline" for at least ten years.

Plaintiff had no significant competition in the field until 1940 or 1941, and no substantial competition until the last two years. This recent competition is primarily the result of the purchase of rebound tumbling equipment by outdoor recreation centers which now make the enjoyment of the equipment available to the general public at a fixed fee. There were other names for this equipment, but only recently competitors began to use the word "Trampoline" as descriptive of their products. After the Amateur Athletic Union and the National Collegiate Athletic Association recognized rebound tumbling as a sport and included it in their competitions, they discontinued describing the event as "Trampoline Event" and referred to the event as "Rebound Tumbling" for the reason, among others, that "Trampoline" described the Nissen equipment and such description was unfair to other manufacturers of the apparatus.

A senior instructor in gymnastics at West Point and a member of the A.A.U. committee at the time the name of the event was changed, testified as an expert that as far as he could remember "Trampolines" were always manufactured by plaintiff and the word was recognized as plaintiff's trademark.

Plaintiff at all times attempted to protect its property right in the word "Trampoline" by preventing its use by anyone else and, in addition, has prevailed upon the publishers of Webster's dictionary to henceforth indicate that the word is a trademark.

In May, 1960 plaintiff published a copyrighted brochure [2] entitled "How To Set Up And Operate A Nissen Trampoline Center" directed to those who desired to set up such a "Trampoline" in one of said outdoor recreation centers. Defendant subsequently published and distributed a brochure alleged to be an infringement of plaintiff's brochure. The latter brochure not only tracked the language of the plaintiff's brochure but also reproduced some of the same photographs.

■ On oral argument defendant stated that it would not contest the claim of copyright infringement, admitting only that it ceased publication of its brochure upon receipt of a letter from plaintiff. This was wise because its brochure flagrantly copied the language and photographs of plaintiff's brochure and therefore constituted an infringement. Its publication and distribution will be enjoined *pendente lite*.

■ In February, 1956 plaintiff received by assignment the trademark "Trampoline" (No. 402,868)[3] and the goodwill associated therewith and symbolized thereby, which it used in connection with the manufacture, advertisement and sale of its rebound tumbling equipment. Plaintiff now claims that defendant is violating its trademark by the use of the word "Tram-po-line" and thereby appropriating plaintiff's goodwill. Defendant directs its challenge to the validity of the trademark upon the sole ground that "Trampoline" is a de-

---

1. In 1959 Nissen received an award from the American Academy of Physical Education for creating and developing the sport of rebound tumbling.

2. Copyrighted May 5, 1960, registration number A442812.

3. The actual trademark is "Nissen Trampoline" although the surname was disclaimed apart from the mark.

scriptive word appearing in dictionaries prior to the date of plaintiff's registration and is therefore not capable of protection. While a trademark that is registered is *prima facie* valid[4], mere registration is not a sufficient basis for the issuance of a preliminary injunction. See Morris Struhl, Inc. v. Relaxor Cushion Corp., D.C.N.Y.1958, 161 F. Supp. 826. On the other hand, defendant's objection would be without merit even if the term "Tram-po-line" were considered a descriptive term, assuming it acquired a secondary meaning. See Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 1938, 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195; Snap-On Tools Corporation v. Winkenweder & Ladd, Inc., 7 Cir., 1957, 250 F.2d 154. Added to this question, of trademark validity, is the issue whether the registered trademark "Nissen Trampoline" protects the word "Trampoline" alone. Consideration of plaintiff's further charge of unfair competition, however, makes it unnecessary for the Court to decide the alleged infringement of plaintiff's trademark and to rest its decision upon the latter complaint.

The claim for trademark infringement being properly before the Court, 15 U.S.C.A. § 1121, the claim for unfair competition is within the Court's jurisdiction, 28 U.S.C.A. § 1338(b); Mandee Fabrics, Inc. v. Slifka, D.C.N.Y. 1951, 97 F.Supp. 187. If plaintiff's trademark has acquired a secondary meaning, then its validity as a registered trademark is immaterial since plaintiff has a common-law right entirely apart from any trademark act to be protected from unfair competition in the use of its trademark. Weiner v. National Tinsel Mfg. Co., 7 Cir., 1941, 123 F.2d 96.

From the evidence submitted there appears to be a strong probability that the word "Trampoline" has acquired a secondary meaning among the users of rebound tumbling equipment. As remarked in Conde Nast Publications, Inc. v. Vogue School of Fashion Modelling, Inc., D.C.N.Y.1952, 105 F.Supp. 325, 330:

"One may not by adopting a common word as a trade mark acquire through usage the exclusive right tc the use of what is public property. However, words in the public domain may, through continued application to a specific product or in a specific field of merchandising or commercial activity, acquire an association with the user and the product or field so as to create in the public mind a syndetic meaning for the word. * * *"

It also appears from the evidence and affidavits that plaintiff, by means of advertisements and expenditures, has established substantial goodwill in the mark which defendant is apparently attempting to appropriate. Referring to the mark "Tram-po-line", the Court may repeat the observations in Conde Nast Publications, Inc. v. Vogue School of Fashion Modelling, Inc., supra, 105 F. Supp. 331:

"* * * That the selection of the name was in no way prompted by plaintiff's reputation and prestige, but chosen merely for its meaning of mode or style, is incredible. * * *"

The similarity of defendant's mark with plaintiff's alleged trademark upon similar equipment is so obvious that confusion in the public mind would unquestionably result in the merchandising of plaintiff's product. To this must be added defendant's wrongful use of plaintiff's copyright which, under the circumstances, might in itself be deemed a form of unfair competition. See Iowa Farmers Union v. Farmers' Educational and Cooperative Union of America, 8 Cir., 1957, 247 F.2d 809.

Leaving open for future determination the merits of this controversy, it appears from the evidence adduced and affidavits submitted that the plaintiff will probably succeed on the trial of the issues and is therefore entitled to the protection of

4. 15 U.S.C.A. §§ 1057(b) and 1115(a).

its goodwill, reputation and property interest in the trademark "Trampoline" by the issuance of a temporary injunction against the defendant enjoining it from using the trademark "Tram-po-line". Weiner v. National Tinsel Mfg. Co., supra; Conde Nast Publications, Inc. v. Vogue School of Fashion Modelling, Inc., supra; see also Mandee Fabrics, Inc. v. Slifka, supra (trademark and unfair competition counts joined); Pure Oil Co. v. Ruthsatz, D.C.Mich.1939, 27 F. Supp. 688 (patent violation and unfair competition counts joined); Lone Ranger, Inc. v. Cox, 4 Cir., 1942, 124 F.2d 650 (copyright and unfair competition counts joined).

This opinion contains the Court's findings of fact and conclusions of law (Rule 52). Settle order on two days' notice. A $5,000 bond in this matter will be required.