## MAY *v.* JUNEAU COUNTY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF WISCONSIN.

No. 94. Argued and submitted November 26, 1890. — Decided December 15, 1890.

The decision in *County of Fond du Lac* v. *May, ante,* 395, as to the invalidity of letters patent No. 25,662, granted to Edwin May, October 4, 1859, for an " improvement in the construction of prisons," affirmed.

Want of patentability is a defence to a suit for the infringement of a patent, though not set up in an answer or plea.

AT LAW, for an infringement of letters patent. Verdict for defendant and judgment on the verdict. The plaintiff sued out this writ of error. The case is stated in the opinion.

*Mr. M. C. Burch* for plaintiff in error. *Mr. Duane E. Fox* was with him on the brief.

*Mr. S. U. Pinney*, for defendant in error, submitted on his brief.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law, brought in the Circuit Court of the United States for the Western District of Wisconsin, by Sarah

May against the county of Juneau, a corporation of the State of Wisconsin, to recover damages for the infringement of letters patent No. 25,662, granted to Edwin May, October 4, 1859, and extended for seven years from October 4, 1873, for an "improvement in the construction of prisons," being the same patent involved in case No. 61, *Fond du Lac County* v. *May, ante,* 395, decided herewith. The specification and claims are set forth in the opinion in that case. The complaint alleged infringement only during the extended term, and only claims 1 and 4 were involved in this suit. The title of the plaintiff was the same as in No. 61. A demurrer to the complaint was overruled *pro forma,* and the questions raised by it were reserved for hearing. The defendant then answered, setting up that it was a corporation existing for public purposes and was not liable in the suit; also, that the matter covered by the patent, especially claim 4, was not the subject of a patent. The case was tried before a jury, which, under the direction of the court, found a verdict for the defendant, on which judgment was entered for it, to review which the plaintiff has brought a writ of error.

The plaintiff put in her title, being the same papers as in No. 61, and then Luther V. Moulton, the same witness as in No. 61, testified as follows: "I live at Grand Rapids, Michigan; am a partner in a foundry there. I have had experience in mechanics and patents; have photographed models; have been consulted about the patentability of mechanical devices; have been an expert witness in patent causes; have done patent soliciting; have examined and am acquainted with the May patent in suit; know its specifications and claims, and am acquainted with its practical operation and effect. I have examined the jail of the defendant county and the cells therein and the device there in use for fastening the doors of the cells, its arrangement and method of operation. Such device contains, in my opinion, the mechanical equivalent of the so-called May patent. It is substantially the same thing as the device described in the specification and claims of the patent in question, except the second and third claims. The results produced by the combinations claimed in the patent, so far as they relate

to the first and fourth claims, are produced in the jail by substantially the same means." The model of the patent was then put in evidence, and the witness explained the method of operating the device by reference to the model, and pointed out the similarity between the device used by the defendant and that of the model. On cross-examination he testified: "The novelty and utility of this patented device consists in interposing a grating or wall between the person operating the mechanism for securing the doors and the prisoners, so that they can be observed through the door or point of observation, and the corridor doors be closed and secured, or unlocked and opened, or the cell doors locked or unlocked, all without contact between the jailer and the prisoners, and without the jailer being in the same apartment with the prisoners, and thus exposed to attack by them. The several elements of the device are probably old. The novelty consists in the particular combinations whereby a new and useful result is produced. I think an angle door is old; have never seen them in jails; have seen angle doors and curved doors and illustrations of them in books many years ago, before 1859. Locks and bolts upon doors are also old, and to put a lock or bolt on a door would not be a novelty or invention. The operation and effect of the lever in moving the device which locks and unlocks the cell doors are precisely the same without or with a wall or grating interposed between the lever and the door locked. All the separate elements of this device have long been in use for different purposes and are old, but the particular combination adapted and intended to interpose protection between the person operating the device and those on the other side of and within the wall or grating was new."

The plaintiff then gave evidence tending to show that the patented device was useful and economical, and had been in use in many jails and prisons since it was patented. It was admitted that the device was put into the jail of the defendant in 1878, and had been in use there ever since. Other evidence was put in on the part of the defendant, including a stipulation signed by the attorneys for the respective parties, setting forth that, prior to October 5, 1859, a device or contrivance

was in use at the State prison at Waupun, Wisconsin, and elsewhere, for fastening a series or row of cell doors by means of a lever and horizontal bar, but not operated outside of a corridor or partition separating the prisoners from the jailer.

At the close of the testimony on both sides, the defendant moved the court to direct a verdict for the defendant on the grounds (1) that the defendant was merely a territorial division of the State, existing only as a political subdivision thereof, and could not be sued for the infringement of a patent; (2) that the right of action in the suit had never been assigned to the plaintiff. The court sustained the motion on both grounds, (30 Fed. Rep. 241,) and directed the jury to return a verdict for the defendant, which was done. The plaintiff excepted to the ruling and to the direction.

On the grounds set forth in the opinion in No. 61 *Fond du Lac County* v. *May, ante,* 395, the patent was invalid, and the judgment must be affirmed. This defence was set up in the answer, and the motion to direct a verdict for the defendant was broad enough to cover the question of the invalidity of the patent, although that ground was not then distinctly urged. Want of patentability is a defence, though not set up in an answer or plea. *Brown* v. *Piper,* 91 U. S. 37, 44; *Dunbar* v. *Myers,* 94 U. S. 187; *Slawson* v. *Grand Street Railroad Co.,* 107 U. S. 649, 652; *Hendy* v. *Miners' Iron Works,* 127 U. S. 370, 375.

*Judgment affirmed.*