### CONNORS et al. v. ORMSBY.

(Circuit Court of Appeals, First Circuit. June 28, 1906.)

No. 595.

1. PATENTS—ACTION FOR INFRINGEMENT—ISSUE AS TO INVENTION.

In an action at law for infringement of a patent, the question of invention is ordinarily for the jury, subject to the direction of the court concerning the construction to be put on the patent; but, if the patent appears to the court to be plainly invalid for want of invention, a verdict for the defendant should be directed as in other cases where the evidence is not sufficient to justify a verdict for plaintiff.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 434.]

2. SAME—INVENTION—TRANSOM LIFTER.

The Ormsby reissued patent, No. 11,639 (original No. 466,081), for a transom lifter, is void for lack of invention.

In Error to the Circuit Court of the United States for the District of Massachusetts.

William K. Richardson (George H. Maxwell, on the brief), for plaintiffs in error.

Norman F. Hesseltine, for defendant in error.

Before COLT, LOWELL, Circuit Judges, and ALDRICH, District Judge.

LOWELL, Circuit Judge. This was an action at law to recover damages for the infringement of reissued letters patent No. 11,639, issued to Ormsby for improvements in transom lifters. The claim in suit was as follows:

"(1) As a means for operating a series of hinged windows or skylights, a shaft adapted to rotate in bearings and provided with a series of pinions adapted to engage racks connected to said windows, and a spring engaged with said shaft and with a suitable nonrotating support, said spring being arranged to be compressed by the closure of the windows and to rotate the shaft in the direction required to raise, the windows, so that when the, shaft is turned to raise the windows the spring assists in the operation, and when the windows are lowered the spring is compressed, the spring acting at all times to counterbalance the windows, as set forth."

The defendants' answer contained a general denial. The jury returned a verdict for the plaintiff, under certain rulings of the Circuit Court to which the defendants excepted. We need consider but one of these exceptions, viz.: The refusal of the court to direct a verdict for the defendants upon the ground "that no patentable invention resides in the device of the Ormsby patent."

The question of invention is ordinarily for the jury, subject to the direction of the court concerning the construction to be put on the letters patent. If, however, the patent in suit appears to the court to be plainly invalid for want of invention, a verdict for the defendants should be ordered. The presumption of validity which arises from the patent itself does not necessarily require the submission of the question of invention to the jury. Heald v. Rice, 104 U. S. 737, 26 L. Ed. 910; May v. Juneau County, 137 U. S. 408, 11 Sup. Ct. 102, 34 L. Ed. 729; Fond du Lac County v. May, 137 U. S. 395, 11 Sup. Ct. 98, 34 L. Ed. 714; Market St. Railway v. Rowley, 155 U. S. 621, 15 Sup. Ct. 224, 39 L. Ed. 284. In our opinion, the patent in suit plainly lacks invention.

A rack and pinion attachment in a transom lifter is shown in prior patents; for example, in the Paine patent, No. 345,857. An elbow lever attachment in a transom lifter, having a spring employed in connection therewith, was also old in the art, being shown in the Kinnell and Rothnie British patent, No. 11,271, of 1888. To apply the spring of the latter to the rack and pinion attachment of the former does not call for patentable invention. As a result, we think it clear that the plaintiff's patent was invalid. The Circuit Court should, therefore, have ordered a verdict for the defendants, as requested, upon the ground that the evidence directed to the question of invention was not sufficient to justify a verdict for the plaintiff.

The answer did not allege want of patentability, nor did it set out the patents just referred to. As the plaintiff made no objection to the introduction of these patents in evidence, and has not argued before us that they should have been excluded from consideration, we need not pass upon the question of their admissibility. Exceptions sustained.

The judgment of the Circuit Court is reversed, the verdict is set aside, the case is remanded to that court for further proceedings not inconsistent with this opinion, and the plaintiffs in error recover their costs of appeal.