## RYAN DISTRIBUTING CORPORATION v. CALEY.
### No. 8656.

Circuit Court of Appeals, Third Circuit.

Argued Nov. 8, 1944.

Decided Jan. 17, 1945.

See also 51 F.Supp. 377.

Leonard L. Kalish, of Philadelphia, Pa. (Wm. Steell Jackson & Son and Wm. Steell Jackson, all of Philadelphia, Pa., and Arthur N. Klein, of Bayonne, N. J., on the brief), for appellant.

Cedric W. Porter, of Boston, Mass. (George P. Dike and Dike, Calver & Porter, all of Boston, Mass., and Kennard N. Ware and Howson & Howson, all of Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and GANEY, District Judge.

GOODRICH, Circuit Judge.

Plaintiff, Ryan Distributing Corporation (called Ryan hereafter), sought a declaratory judgment under § 274d of the Judicial Code, 28 U.S.C.A. § 400, that United States patent, 1,945,932 for a Hair Curler or Waver granted on February 6, 1934 to defendant, Caley, is invalid or not infringed

by plaintiff. Defendant's counterclaim, filed with his answer, alleged infringement by plaintiff and asked damages. Defendant demanded a jury trial on the counterclaim and also upon the issue raised by the declaratory judgment complaint and answer. This was granted and the case was tried before a jury. Plaintiff's motion for a directed verdict having been denied, the jury returned a verdict for defendant. Thereafter the Court, acting favorably upon plaintiff's motion to set aside the verdict, entered judgment for the plaintiff. The defendant appeals.

■■ Defendant offers several grounds for his contention that the trial judge erred. He insists that plaintiff's motion to set aside the verdict should have been denied since it was improper in form as required by Rule 50(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides that a motion for a directed verdict shall state the specific grounds therefor. Plaintiff in its motion had stated that the hair curlers alleged to be covered by Caley's Patent No. 1,945,932 were old or did not amount to invention and that the patent was invalid because anticipated by the prior art or lacking in invention over the prior art. We think that these allegations are sufficiently specific under Rule 50(a). Specific grounds are required so that judgment may not be entered "on a ground which could have been met with proof if it had been suggested when the motion was made." Nevertheless, " * * * technical precision need [not] be observed in stating the grounds of the motion, but merely that they should be sufficiently stated to apprise the court fairly as to movant's position with respect thereto." Virginia-Carolina Tie & Wood Co., Inc., v. Dunbar et al., 4 Cir., 1939, 106 F.2d 383, 385. The basis of the motion was perfectly clear to both court and parties both in the trial court and upon this appeal.

■ Nor are, we impressed with defendant's contention that the motion fails to comply with Rule 50(a) because it presents questions of fact rather than questions of law. Cf. Duncan v. Montgomery Ward & Co., 8 Cir., 1940, 108 F.2d 848, modified on other grounds 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147, where the question of preponderance of evidence was not sufficient for a motion for judgment n. o. v. Plaintiff's motion here was grounded upon lack of invention or anticipation. The issue of invention is ordinarily one for the trier of fact. Thomson Spot Welder Company v. Ford Motor Company, 1924, 265 U.S. 445, 44 S.Ct. 533, 68 L.Ed. 1098; Hazeltine Corporation v. General Motors Corporation, 3 Cir., 1942, 131 F.2d 34; Radiator Specialty Co. v. Buhot, 3 Cir., 1930, 39 F.2d 373. But in any question of fact, "a verdict will normally be directed where both the facts and the inferences to be drawn therefrom, as supported by the overwhelming weight of the evidence, point so strongly in favor of one party or the other that the court feels reasonable men could not possibly come to a contrary conclusion." 3 Moore's Federal Practice, p. 3104. Perhaps the decisions establish that the judge's power and duty in this respect goes further upon the question of invention in patent cases. See the thoughtful discussion by the court in Hanovia Chemical & Mfg. Co. v. David Buttrick Co., 1 Cir., 1942, 127 F.2d 888. Whatever the extent of the power in patent cases may be it is certainly as wide upon the question of invention as upon any other question, ordinarily treated as one of fact, but called a "question of law" when its decision becomes the responsibility of the judge. Singer Manufacturing Co. v. Cramer, 1904, 192 U.S. 265, 24 S.Ct. 291, 48 L.Ed. 437; Market Street Railway Co. v. Rowley, 1895, 155 U.S. 621, 15 S.Ct. 224, 39 L.Ed. 284; Brothers v. Lidgerwood Mfg. Co., 2 Cir., 1915, 223 F. 359; Connors et al. v. Ormsby, 1 Cir., 1906, 148 F. 13. That responsibility was properly assumed by the trial judge in this case. Did he exercise it correctly?

The Caley patent and those of the prior art are so extremely simple as to speak for themselves, so that the court could determine from mere comparison what was the claimed invention described in each, and to decide from such comparison whether the articles described were or were not substantially the same. The patent in suit is described as a "waver or curler that comprises a short strip of rubber or the like having an eye at one end, a head at the other and with or without a slit along an intermediate portion of the strip length." Claim 7 which is typical states, "A hair curler comprising a flat strip of uniform thickness having cut edges, a longitudinally extending slit in the strip and a transversely extending flat locking head adapted to pass through the slit in quarter turned position of the head and to lock against the

strip when turned to its normal position." Plaintiff admittedly used such a device, but insists that Caley did not invent it.

The prior art is just as simple as the patent in suit. Among examples most pertinent is No. 672,506, granted to Ernest R. Godward, April 23, 1901, which claims "As an article of manufacture, a hair-curler consisting of a single piece of pliable rubber, said curler being in the form of a straight bar having at one end an enlarged knob and at the opposite end an eye through which said knob is adapted to be forced * * *." The body, which is cylindrical may be slitted. In both the Caley and Godward patents the hair is wound about the body of the curler and then the curler is secured in position by locking the ends together. In each the ends of the hair may be inserted within the longitudinal slit by first distending the slitted portion and then rolling up the hair, the ends being confined in the slit. Both use flexible material, and in both the ends of the curler are locked. The differences we find are that where Caley calls for a flat strip having cut edges, Godward uses a cylindrical one; where Caley calls for thickness uniform throughout, Godward's ends extend beyond the width of the body, where Caley uses a flat head adapted to pass through the slit in the opposite end of the strip when in quarter turned position and to lock when turned to its normal position, Godward forces a bulb into an eye. But we do not think that these differences are sufficient to warrant a finding of invention. Inasmuch as the resultant curl is the same whether the strip is flat or cylindrical, this change from Godward's form, accomplishing differences in neither function nor result, does not support invention. 1 Walker on Patents (Deller's Ed.) § 32. All that defendant can claim for this difference is that it is cheaper to manufacture a flat strip with cut edges.[1] Likewise the fact Godward's ends extend beyond the width of the strip while Caley's do not, or that Caley uses a flat head while Godward's is a bulb, makes no difference in function or result. The only effective difference is that Caley's locking device is easier to use and more likely to stay locked than Godward's.[2] However, James Wise Anderton's Metal Tag for finger rings, patented October 9, 1900 as No. 659,199 is for exactly the same locking device.[3] "The utilization of an expedient common to many diverse arts, of itself, amounts to no more than the exercise of mechanical skill." Zephyr American Corporation v. Bates Mfg. Co. et al., 3 Cir., 1942, 128 F.2d 380, 383; Cuno Engineering Corp. v. Automatic Devices Corp., 1941, 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58.

Defendant relies strongly upon the issuance of the patent in creating a presumption of its validity. Although the grant of a patent has been held to be prima facie evidence of invention, Park-In Theatres, Inc. v. Rogers et al., 9 Cir., 1942, 130 F.2d 745; Rodger Ballast Car Co. et al. v. Enterprise Ry. Equipment Co. et al., 7 Cir., 1934, 72 F.2d 132, such presumption of validity does not necessitate the submission of the question of invention to the jury if the patent appears to the court to be plainly invalid. Connors v. Ormsby, supra. Where the question is free from doubt the court may dispose of it on motion. Luten v. Kansas City Bridge Co., 8 Cir., 1922, 285 F. 840, 844. But here the court allowed a full hearing upon proofs, before declaring

---

[1] Defendant's expert witness testified, however, that the cut edges make for easy withdrawal of the curler from the hair.

[2] The H. C. Fraser et al. patent No. 1,847,826 granted March 1, 1932 which defendant's expert witness considered most like Caley's likewise "relates to rubber or like hair wavers or curlers of the kind having an eye or equivalent at one end of a body portion through which the other end of said body portion is adapted to pass after flexing or bowing the device." The body is slitted. Claim 1 which is typical states "A resilient hair waving or curling device comprising a strip like body portion, an enlarged head with an aperture at one end of said body portion, a substantially elliptical tongue piece at the other end of said body portion, said tongue piece being of the same thickness as said body portion and having an opening therein which enables it to be contracted to a width at least as small as that of said body portion, thereby enabling said tongue piece easily to be passed through said aperture for the head, but said tongue piece normally expanding itself to a width greater than that of the body portion." Here again the only effective difference is in the locking device.

[3] Although the trial judge told defendant's attorney not to examine his expert witness as to several patents including that of Anderton since they were not worth the time as they showed merely a feature here and there, these patents were not withdrawn from consideration since the trial judge stated that they were all to be submitted to the jury.

its invalidity. Radio Corporation of America et al. v. Radio Engineering Laboratories, Inc., 1934, 293 U.S. 1, 2, 7, 8, 9, 55 S.Ct. 928, 79 L.Ed. 163; Duncan v. Montgomery Ward & Co., supra. It then refused to direct a verdict in plaintiff's favor. The grant of the patent, the public acceptance of the article, its copying by plaintiff, plaintiff's seeking an improvement patent thereon, economy of production, expert testimony to the effect that it was not obvious to those skilled in the art, these are all evidence tending to show invention. But they do not conclusively indicate invention as defendant urges. Such evidence, when doubt exists, may resolve that doubt in favor of him who submits it, but where as here there is a clear-cut case of lack of invention such evidence cannot successfully controvert it.[4]

■ Finally, defendant argues that, if the trial judge's ruling is sustained, it deprives every patentee of his right to a trial by jury on the question of invention as guaranteed by the 7th Amendment of the Constitution. On this the defendant cites Slocum v. New York Life Ins. Co., 1913, 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879 Ann.Cas.1914D, 1029, but fails to cite the qualifying decision in Baltimore & Carolina Line, Inc. v. Redman, 1935, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636 and Rule 50(b) of the Federal Rules of Civil Procedure. Rule 50(b) was designed to reserve the legal question involved where a motion for a directed verdict made at the close of all the evidence is denied. Such reservation was held sufficient to empower the judge to enter judgment notwithstanding the verdict even though he denied the motion for directed verdict prior to submission of the case to the jury. Rule 50 (b) in terms makes the denial subject to later determination if the proper steps are taken. See discussion in 3 Moore's Federal Practice § 50.02 and 8 Cyclopedia of Federal Procedure [2d ed.] § 3497. See also Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed.

147. Defendant's contention in this respect is wholly without merit.

Since our conclusion is that judgment of the District Court is to be affirmed it becomes unnecessary and we do not pass upon the question of the defendant's right to a jury trial on the entire matter raised both in the complaint and the counterclaim, interesting though that question undoubtedly is.

Affirmed.

---

[4] Inasmuch as we find defendant's patent lacks invention we need not consider whether it lacks novelty or was anticipated, a matter defendant insists is not open for our consideration.

For although "Novelty and utility must indeed characterize the subject of a patent, * * * they alone are not enough to make anything patentable; for the statute provides that things to be patented must be invented things, as well as new and useful things." 1 Walker on Patents (Deller's Ed.) § 24. "* * * in order to negative novelty or, as it is usually expressed, to 'anticipate' an invention, it is necessary that all of the elements of the invention or their equivalents be found in one single description or structure where they do substantially the same work in substantially the same way." 1 Walker on Patents (Deller's Ed.) § 47.