**Louis SLAGBOOM, Plaintiff,**

v.

**VAN VLAANDEREN MACHINE COMPANY, Defendant.**

Civ. A. No. 729-49.

United States District Court
D. New Jersey.

April 5, 1956.

Bernard G. Goldstein, Paterson, N. J., Howard P. King, New York City, for plaintiff.

Peter Hofstra, by Joseph V. Fumagalli, Robert F. Beck, Paterson, N. J., Harry Sommers, Newark, N. J., for defendant.

MEANEY, District Judge.

## Findings of Fact

1. Plaintiff is a citizen and resident of the State of New Jersey and the patentee and owner of U. S. Letters Patent No. 2,201,000, application for which was filed August 8, 1939, issued to plaintiff on May 14, 1940 for "Improvement in Tentering Clips."

2. Defendant is a corporation incorporated under the laws of the State of New Jersey.

3. This action is brought by plaintiff, alleging infringement of his patent by defendant. 16 Stat. 207, July 8, 1870, § 60, now 35 U.S.C.A. § 288. Defendant denies infringement and counterclaims for declaratory judgment of invalidity under the Federal Declaratory Judgments Act, 28 U.S.C.A. § 2201.

4. The patent contains a single claim reading as follows:

"A tenter clip including fixed structure providing a space open laterally to receive the cloth and a *horizontal* cloth-supporting surface at the lower side of said space provided with an aperture, a depending jaw member pivoted in said structure above said surface on a horizontal axis and movable outwardly against cloth positioned on said surface and reversely, said structure having a fixed pivot parallel with said axis and above said surface and arranged inward of said member, and an up-and-down-movable feeler member confined by the pivot to a single arcuate path concentric with said pivot and arranged to enter and recede from said aperture, one member having a bearing whose axis is parallel with the first axis *and arranged to stand in substantially the same horizontal plane as the pivot when the feeler member, supporting the jaw member, rests on the cloth overlying said aperture and* the other *member having* a slot receiving the bearing *and formed to extend approximately horizontally when the feeler member so rests on the cloth* and one side of which for substantially the full extent of the slot is straight and the other side of which is the side against which the bearing bears when said members descend without cloth present under the feeler member and has a portion thereof which is displaced from each end of the slot diverted and forming a recess providing a detent shoulder for the bearing and the portion thereof which is relatively between the recess and the jaw member substantially parallel for its full extent with the first-named *slide.*" (Emphasis supplied).

5. Tentering clips are fashioned in a series making up a continuous chain, the shape of which may be described as an elongated "O". Two of these chains are mounted, one on each side of a rectangular table-like machine, and driven longitudinally by sprocket wheels. The machine is usually employed for tentering and dyeing cloth, and the clips rest on plates to function so as to grasp the selvage edge of the cloth on each side, holding it taut as it is introduced into the machine at one end, and to release the cloth at the other end. At the discharge end of the machine the sprocket wheel is fashioned so as to act as a cam to strike an arm on the clip, pushing this arm outwardly. This movement acts to release the jaw which has held the cloth through the work-performing run. At this point the object is to hold the jaw away from the plate upon which the cloth and jaw rest in order to keep the jaw from chattering on the plate during the return run and thereby prevent dulling of the blade of the jaw.

At the intake end of the machine a cam again strikes the arm of the clip,

pushing it outwardly, and releases the jaw; also, a forked member of the arm, having a bearing projecting from it, lifts a feeler by moving in a slot fashioned in the feeler. The cloth which is introduced into the clip now sits on the plate mentioned above. When the arm is released so also is the jaw, and the bearing permits the feeler to drop onto the cloth. This releases the tension on the bearing which drops onto the lower edge of the slot in the feeler. The clip diverges slightly in its course from the cloth and as it does so the feeler falls into an aperture fitted into the plate. This action moves the bearing along the bottom edge of the slot, which action moves the jaw until it comes firmly in contact with the plate. The blade of the jaw catches the cloth on the plate and holds it firmly until it is again released at the discharge end of the machine.

6. Three prior patents are relied upon as being prior art and anticipatory of the patent in suit. These are: (1) Peterson patent, No. 1,907,090, issued May 2, 1933; (2) Williams patent, No. 1,-984,616, issued Dec. 18, 1934; (3) Stelling patent, No. 1,799,446, issued April 7, 1931.

7. The Stelling and Williams patents show a one piece jaw pivotally mounted, with an extended arm provided with a bearing which fits into a slot in the feeler. The feeler itself is pivotally mounted on a single axis on a plain hole. However, the Stelling patent shows a pawl type detent, while the Williams patent has a spring type detent, both external to the feeler, which acts to hold the feeler and jaw swung to wide open position on the return trip.

8. Peterson eliminates exterior detents and incorporates the detent as an integral part of the feeler and operating slot. Peterson, however, shows a jaw pivoted separately from the arm but made to work cooperatively by contact with an abutment extended from the jaw as the cam on the sprocket wheel strikes the arm. Also, Peterson's jaw is driven by a spring. A feeler mounted by a slot providing sliding as well as pivotal movement of the feeler is primarily taught. However, two drawings presented with this patent—figures 4 and 5—show a plain hole rather than a slot, but the description in the patent says that a slot rather than a hole is desirable. It is found as a fact that defendant, at least as early as 1936, was manufacturing clips having a feeler mounted on a single pivot in a hole rather than a slot.

9. Plaintiff's patent shows a one piece jaw pivotally mounted, with an extended arm having a bearing projecting into the operating slot of the feeler. The feeler itself is mounted on a plain hole. The entire operation is internal and by gravity alone, without any springs.

10. Each of the patents mentioned above was designed to perform the same function.

11. Plaintiff's application to the Patent Office was rejected three times—Nov. 1, 1939, Nov. 9, 1939 and finally, Feb. 14, 1940—the examiner relying principally on the Peterson patent, making no mention of the Williams and Stelling patents.

12. The claim was amended on February 28, 1940, by inserting the words underlined in finding of fact number 4 hereinabove. At this time the examiner was entreated to admit the claim "at least for the purpose of appeal" and was urged that "since the propriety of standing on Peterson's statement * * * is at least moot, the Examiner should allow the new claim * * *." This application was approved, without comment, on March 2, 1940.

13. Reliance is placed on the one piece jaw, mounted pivotally and actuated by gravity. This was old in the prior art.

14. Greatest stress, however, is laid on the feeler mounted on a single axis without a slot, whose pivot is arranged to stand in the same horizontal plane as the bearing which rides in the slot of the feeler (the lower inside edge of the feeler also being approximately horizon-

tal) when the feeler rests on the cloth. The emphasis is not misplaced because it was this claim which appears ultimately to have won the examiner's approval. (See findings of fact numbered 4 and 12).

15. Whatever merit there may be over the original claim as presented to the examiner by inclusion of this geometric description is not apparent. Although it may be conceded that greater efficiency results by use of plaintiff's patent because of less fallibility by reason of a single arcuate movement of the jaw member and feeler member, the improvement here is not the product of invention and involves no more than ordinary mechanical or engineering skill.

16. The aggregation of old parts here with slight mechanical changes performs no new or different function or operation than theretofore performed.

17. Disclosure of his idea was made by plaintiff to defendant in August, 1939. Plaintiff has not explicitly asserted a cause of action for breach of a confidential relation. However, if such a claim may be read into the complaint, we are of the opinion that the alleged disclosure was made by plaintiff on his own initiative, without request of the defendant, nor upon the promise of defendant that the disclosure would be treated in confidence.

## Conclusions of Law

1. This court has jurisdiction of this case and the parties.

2. There has been no satisfactory proof of any breach of trust or confidence affecting the present suit.

3. The presumption of validity that attaches to a granted patent is vitiated because: (1) The Stelling and Williams patents were not considered by the examiner; and (2) the approval of the patent with the circumstances present here creates an initial doubt as to whether the patent should ever have issued.

4. Plaintiff's patent in suit, No. 2,-201,000, is invalid and void because anticipated by the prior art and because it lacks invention, failing to disclose any patentable or novel device.

5. Plaintiff's action is dismissed with costs.

Let an order be submitted.