**MOJONNIER BROS. CO., Inc., a Corporation, Appellant,**

v.

**TOLAN MACHINERY CO., Inc., a Corporation, Appellee.**

**No. 11681.**

United States Court of Appeals Third Circuit.

Argued Dec. 8, 1955.

Decided Feb. 2, 1956.

As Amended on Denial of Rehearing April 18, 1956.

Frank J. Foley, Chicago, Ill., (Victor M. Langsett, Chicago, Ill., Robert W. Brady, Newark, N. J., on the brief), for appellant.

W. Lee Helms, New York City, for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

The matter in dispute on this appeal is the validity of claims 5 through 12 of Mojonnier Patent No. 2,169,054 and all five claims of Mojonnier Patent No. 2,-179,949. The District Court found all these claims invalid for lack of invention, reasoning that no more had been done than mechanically to devise a new apparatus by uniting old elements which functioned in combination essentially as they had separately. D.C.N.J.1955, 129 F.Supp. 731.

In holding that such combination is not invention, the court relied upon criteria stated by this court after an analysis of the cases in Packwood v. Briggs & Stratton Corp., 3 Cir., 1952, 195 F.2d 971, 973, certiorari denied 344 U.S. 844, 73 S.Ct. 61, 97 L.Ed. 657, rehearing denied 344 U.S. 882, 73 S.Ct. 174, 97 L.Ed. 683. No subsequent case has eroded the authority of Packwood, which itself does no more than restate and apply the established doctrine that "'the mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention.'" See Lincoln Engineering Co. v. Stewart-Warner Corp., 1938, 303 U.S. 545, 549, 58 S.Ct. 662, 82 L.Ed. 1008. Nor has the Patent Act of 1952, 35 U.S.C. 1952 ed. § 1 et seq., affected the standard of invention in a way which helps the patents in suit. Whatever else the new statute may or may not do, we find nothing in its text or legislative history which remotely suggests that combinations of old mechanical elements are to be judged by a lower standard than the one stated in the foregoing excerpt from our Packwood opinion. We make this brief preliminary comment on the controlling doctrine and state our adherence to it because counsel for appellant has strongly urged that the Packwood case declares too strict a standard of invention.

Once the applicable standard of invention is made clear, the failure of the pat-

ents in suit to meet that standard is demonstrable. And because these patents and the prior art have already been carefully and correctly analyzed in the opinion of the District Court, rather brief comment will suffice here.

■ The first patent, Mojonnier 2,-169,054, disclosed a heat exchanger for liquids comprising a frame and a number of upright liquid treating sections, each composed of two connected corrugated metal plates with a space between them, arranged side by side, hinged at corresponding ends by swivelled hollow hinges, having connections to supply different exchange mediums to the vertical groups and so constructed that the sections can be swung laterally away from their operating positions for cleaning without disconnecting any supply lines or piping. The liquid to be heated or cooled trickles down over the upright corrugated plates. The heating or cooling fluid flows inside the plates.

Such a device is very useful in heating or cooling milk. Particularly in large commercial dairies it is important that the necessarily bulky heat exchangers be made as compact as possible to conserve floor space and the time of workmen. But it is also essential that all surfaces over which milk flows be conveniently accessible for frequent thorough cleaning. In these circumstances it is said that, although various types of trickle coolers are prior art, the challenged claims of Patent No. 2,169,-054 teach a new way of arranging and connecting a number of upright exchange sections so that they will occupy a minimum floor space yet be entirely accessible for cleaning by rotation without disturbing the piping and connections which transmit the coolant.

But to achieve this result Mojonnier merely combined old mechanical elements and devices, each performing its familiar and accustomed function. In this very field Reid Patent No. 557,883 for a milk cooler provides for cooling surfaces over which flows the substance to be cooled. The cooling surfaces consist of two corrugated metal plates connected at opposite ends a slight distance apart by filling-strips. Of course, an aggregation of upright Reid units would not be inventive.

Reid also describes rotatable leaves: " * * * and the invention consists in an improved manner of sustaining the cooling-body to admit of its being turned from its operative position to allow access to its rear side; * * * In order that access may be had to the rear side of the cooler, which when in operation is sustained in an upright position by means of brackets MM, &c., I so attach the cooler to the brackets that it may be swung bodily outward from the wall on a vertical axis."

Even more striking as concerns hinging and rotation is Brophy Patent No. 628,689 which describes an invention relating to "heat-radiators of the kind wherein hinged leaves or coils are employed for facilitating cleaning, the objects of the present invention being to simplify the construction of such apparatus and increase the facility with which access to the various parts can be obtained." The specification continues: "According to my present invention instead of hinging the leaves upon a post or upright which formed no part of the heating system I now hinge them upon a post which forms a part of the return-pipe through which the water or steam flows after having passed through the heating coil or coils." That patent also describes a hinged leaf with a series of heating pipes fixed at their ends to the castings. "This arrangement for hinging the leaf permits of the latter being turned in any direction in order to afford access to all the parts for cleaning the same."

Also relevant is Sheeder Patent No. 210,714 for an improvement in paperboard driers. It provides for connections between steam pipes and manifolds constructed of flexible pipes or gum tubing to permit the elevation and lowering of pipes without interfering with the circulation of steam through them. And, Trageser Patent No. 46,509 for an im-

provement in coils for steam heating shows that when a connecting coil is turned up for cleaning out a vessel, other pipes will also be turned.

We agree with the District Court that what appellant claims as invention is achievable by combining these disclosures of the prior art to form a structure of old elements functioning essentially as described in the earlier patents. Such a combination is not patentable.

The second patent, Mojonnier No. 2,179,949, relates to a liquid treating plant in which the liquid is subjected to a heat exchange medium and to the action of a stream of conditioned air blown through a wide and shallow nozzle among the heat exchange elements to carry away spent air and vapors. It is in the disclosure of an improved method of blowing a stream of air among the heat exchange elements with resultant expulsion of vapors and spent air that invention is said to reside.

But Hunziker Patent No. 1,543,853 for an apparatus for deodorizing cream discloses a blower capable of supplying large volumes of air under pressure, with the air supplied by the blower preferably heated so that it can be used in maintaining the contents of the tank at the desired temperature. Hunziker's claims 2 and 3 include a "means for forcing air through said container in a plurality of vertically directed jets closely spaced throughout the horizontal area of said container * * *," and claims 5, 6, 7 and 8 include a "means for forcing air upwardly through said container in a plurality of vertically directed jets closely spaced throughout the horizontal area of said container * * *." Vincent Patent No. 2,031,437 for a gas washer describes the use of a nozzle to discharge cleaning sprays; claim 1 includes "a plurality of nozzles arranged to discharge generally crosswise * * *." The prior art considered, we cannot see that Mojonnier did anything but make a simple mechanical adaptation of familiar devices and procedures to accomplish the scavenging of vapors and spent air from a liquid treating plant. The District Court properly concluded that this patent also is invalid.

The judgment will be affirmed.