John S. **NACHTMAN**, Appellant,

v.

**JONES & LAUGHLIN STEEL CORPORATION.**

No. 11749.

United States Court of Appeals Third Circuit.

Argued March 20, 1956.

Decided June 27, 1956.

Rehearing Denied Aug. 31, 1956.

**212**

David G. Bress, Sheldon E. Bernstein, Washington, D. C. (Newmyer & Bress, Washington, D. C., Patterson, Crawford, Arensberg & Dunn, Pittsburgh, Pa., Sol Shappirio, Washington, D. C., on the brief), for appellant.

Walter J. Blenko, Pittsburgh, Pa. (Gordon R. Harris, Blenko, Hoopes, Leonard & Buell, Pittsburgh, Pa., on the brief), for appellee.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

MARIS, Circuit Judge.

This is a suit for damages for infringement of certain electrotinning patents of the plaintiff and for the wrongful misappropriation of his ideas and plans. It was originally brought in the District Court for the District of Columbia and was transferred to the District Court for the Western District of Pennsylvania pursuant to section 1404(a) of title 28, United States Code. 90 F.Supp. 739. A counterclaim was filed by the defendant seeking a declaratory judgment of invalidity as to another patent of the plaintiff. One of the original patents was withdrawn from the suit in pretrial proceedings, leaving four patents for adjudication, namely, Reissue Patent 20,788, Patent 2,240,265, Patent 2,459,674 and Patent 2,576,074. The case was tried to a jury which, in answer to interrogatories, found each patent valid and infringed and rendered a general verdict in the plaintiff's favor for damages for infringement of the patents in suit. The court directed a verdict in favor of the defendant upon the cause of action for worngful misappropriation of ideas. A motion for judgment n. o. v. having been made by the defendant, the court granted it and entered judgment in favor of the defendant. The court also granted an alternative motion for a new trial on the question of damages, to take effect only if the judgment for the defendant should be reversed. D.C., 134 F.Supp. 392. The present appeal by the plaintiff followed.

In the opinion granting judgment n. o. v. the district court stated: "All of the evidence taken in its most favorable light for the plaintiff, with all disputed facts, questions and inferences resolved in his favor, leaves plaintiff's case wholly unproved." 134 F.Supp. 392, 406. The court's conclusion was that under all of the evidence there was no room for reasonable men to differ and that the verdict of the jury being in disregard of the evidence would be set aside.

The plaintiff's principal contention is that in so doing the district court invaded the province of the jury and denied him his constitutional right to a jury trial. There is no merit to this contention. It is completely answered by what was said by this court in Ryan Distributing Corporation v. Caley, 1945, 147 F.2d 138, certiorari denied 325 U.S. 859, 65 S.Ct. 1199, 89 L.Ed. 1979, and Packwood v. Briggs & Stratton Corp., 1952,

195 F.2d 971, certiorari denied 344 U.S. 844, 73 S.Ct. 61, 97 L.Ed. 657; Id., 344 U.S. 882, 73 S.Ct. 174, 97 L.Ed. 683. What Judge Hastie said, speaking for the court in the Packwood case, may aptly be repeated, 195 F.2d at pages 973–974:

"A jury in a patent case is not free to treat invention as a concept broad enough to include whatever discovery or novelty may impress the jurors favorably. Over the years the courts of the United States, and particularly the Supreme Court, have found meaning implicit in the scheme and purpose of the patent laws which aids in the construction of their general language. In this process, rules and standards have been developed for use as guides to the systematic and orderly definition and application of such a conception as invention in accordance with what the courts understand to be the true meaning of the Constitution and the patent laws. Once such standards and rules are authoritatively announced any finding of 'invention' whether by a court or a jury must be consistent with them.

"This is no peculiarity of patent law. Jury findings of negligence or proximate cause must comport with common law rules devised to give reasonable and systematic meaning to those generalities. * * * And so it is throughout the body of the common law. This authority and responsibility to keep jury findings within reasoned rules and standards is an essential function of United States judges today as it long has been of common law judges. * * It stands as a great safeguard against gross mistake or caprice in fact finding.

\* \* \* \* \* \*

"In Ryan Distributing Corp. v. Caley, 3 Cir., 1945, 147 F.2d 138, 142, this court pointed out that entry of judgment n. o. v. is the appropriate corrective action when a jury has found a patent valid although the court's application of defining principles reveals 'a clear-cut case of lack of invention'. Also indicating the propriety of thus overruling the trier of fact is the already cited Atlantic and Pacific case [Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162] where the Supreme Court reversed a finding of invention duly made and approved by both a district court and a court of appeals. In the instant case the district court should have entered judgment n. o. v. upon the basis of a ruling that, consistent with controlling standards, the device in suit plainly could not embody invention."

█ This brings us to the evidence on the question of the validity of the four patents in suit. In his full and careful opinion granting the defendant's motion for judgment n. o. v. District Judge Willson discussed in detail the evidence which he concluded established beyond doubt, in the light of the relevant rules of law, the invalidity of the plaintiff's patents, which evidence the jury had disregarded in finding the patents valid. 134 F.Supp. 392, 395–406. Our own consideration of the evidence has satisfied us that the district court committed no error in setting aside the verdict in the plaintiff's favor and entering judgment n. o. v. for the defendant. We find ourselves in accord with Judge Willson's discussion of the evidence and, therefore, need not recount it in detail here. It is sufficient merely to say that we agree that the evidence clearly established that Reissue Patent 20,788 was fully anticipated by the prior art and in any event involved a mere aggregation of old steps which was not patentable, Mojonnier Bros. Co. v. Tolan Machinery Co., 3 Cir., 1956, 230 F.2d 850, and that Patents 2,240,265, 2,-459,674 and 2,576,074 likewise involved unpatentable aggregations of old steps.

█ The plaintiff's contention that the trial judge erred in directing a verdict

for the defendant on the cause of action for wrongful misappropriation of ideas was not strongly pressed. Indeed in the district court he abandoned any claim for separate damages with respect to it. The contention was that when the plaintiff was employed by the Blaw-Knox Company as manager of its Electrochemical Processes Division that company offered to sell to the defendant an electrotinning line, submitting plaintiff's plans and specifications for his electrotinning process to the defendant in connection with its proposal, and that although the defendant did not buy that line it later incorporated its features into the accused lines when it installed them. But the evidence established, as the district court ultimately held, that the features of the plaintiff's patents which he alleged were incorporated in the line offered by the Blaw-Knox Company to the defendant constituted an unpatentable aggregation of old steps which were in the prior art and thus were freely available to the defendant. There was no evidence that a trust relationship between the plaintiff and defendant was created by the transaction. Compare Smoley v. New Jersey Zinc Company, 3 Cir., 1939, 106 F.2d 314, affirming D.C.N. J.1938, 24 F.Supp. 294, 299. For it was the Blaw-Knox Company, not the plaintiff, which made the submission to the defendant and it does not appear that the Blaw-Knox Company has charged the defendant with misappropriation of ideas or secrets. We are satisfied that the trial judge did not err in withdrawing this claim from the jury's consideration.

The judgment of the district court will be affirmed.